PRESTON and wife *vs.* LEAVITT and others.

*A renewal of an execution* need not be signed by a justice. Any memorandum in the hand writing of the justice, upon any part of the execution, clearly indicating his intention to renew it, accompanied by a re-delivery of the execution to the constable, is sufficient, although the name of the justice be not subscribed to such memorandum.

THIS was an action of false imprisonment, tried at the Oneida circuit in April, 1829, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The defendants offered in evidence in their defence an execution, issued by a justice of the peace on a judgment rendered by him against the present plaintiffs, on the 29th December, 1826, returnable in *thirty* days; and proved that on the 23d July, 1827, the justice, at the request of the plaintiffs in the execution, and in the presence of the constable, renewed the execution, by making an endorsement thereon in these words; "This execution renewed July 23d, 1827, fees, $\frac{19}{100}$;" but did not subscribe his name to such endorsement, and that he then delivered the execution to the constable, who, by virtue thereof, made the arrest complained of as a false imprisonment. The defendants are the constable and persons acting in his aid. The plaintiffs objected that the execution was void, because the renewal was *not signed by the justice*, and so ruled the judge, and the jury under his charge found a verdict for the plaintiffs. The defendants excepted, and moved for a new trial. The cause was submitted on written arguments, by

*W. C. Noyes,* for the defendants.

*H. A. Foster,* for the plaintiffs.

*By the Court,* SUTHERLAND, J. The only question in this case is, whether a renewal of an execution is valid, so as to protect an officer and those who act in his aid in enforcing it, when such renewal is not signed by the justice. The original execution is admitted to have been duly signed, and to

NEW-YORK, have been regular and valid in all respects. It is also ad-
May, 1831. mitted, that on the 23d day of July, 1827, the justice, by
whom the execution was issued, endorsed upon it these
Preston words : " *This execution renewed* July 23d, 1827, fees, $\frac{19}{100}$."
v. The justice himself testified that at the request of the plain-
Leavitt. tiffs in the execution, and in their presence, and the presence
of Leavitt, the constable, (one of the defendants,) he en-
dorsed the said renewal thereon, and that he then delivered
the same to the constable. The single and only objection to
the justification was, that the name of the justice was not sub-
scribed to this renewal.

The *first* section of the $50 act of 1824, page 280, directs
that every justice of the peace *shall sign all process to be is-
sued by him.* The *fourteenth* section, in relation to executions,
provides that if sufficient goods and chattels cannot be found
to satisfy such execution as may have been issued, the party
recovering the judgment may from time to time *procure the
justice to renew such execution,* &c. The form·of the renew-
al is not prescribed. It is not said that it shall be signed by
the justice, or even that it shall be in writing. Upon gen-
eral principles, probably it must be in writing ; but I am
aware of no general principle which requires the formal sub-
scription of the name of the justice to his renewal, in his own
hand writing. The renewal does not, *per se,* constitute a
new execution. It is what the statute calls it—a renewal of
the original execution. The justification, if it were pleaded,
would be under the original execution, and the endorsement
or renewal would be stated merely to shew that it had been
revived, or its legal existence prolonged. Any memorandum,
in the hand writing of the justice, upon any part of the exe-
cution, which clearly indicates his intention to extend or
prolong its operation, appears to me to be sufficient. It is
analogous to the alteration of the teste or return of the pro-
cess of courts of record. In cases in which such alteration
is allowable, the legal operation of the writ·is extended with-
out being re-sealed or re-signed by the clerk. The original
seal gives effect to the altered writ. In this, as in all other ca-
ses in relation to the proceedings of inferior magistrates, when

they keep within their acknowledged jurisdiction, their acts are to be liberally construed, and. not to be subjected to the test of strict technical rules.

I do not think it necessary to resort to the cases or the analogies which the counsel on both sides have, with great industry, learning, and ingenuity, collected and brought to bear upon this case. The authorities are none of them precisely in point; nor are the analogies very striking. I prefer putting my opinion upon the single ground, that as the legislature have authorized justices of the peace to renew their executions, without prescribing the manner in which it shall be done, the form of the act is not material; that any memorandum in the hand writing of the justice, upon any part of the execution, which clearly indicates his intention to renew it, accompanied by a re-delivery of the execution to the constable, is sufficient, although his name be not subscribed to the memorandum. The addition or omission of the name is, under such circumstances, a mere matter of form, and does not change, in any respect, the substantial character of the act. The evidence of the intention of the magistrate to renew the execution is of the same character, and as satisfactory without as with his signature.

I am of opinion, therefore, that the learned judge erred in excluding the evidence offered, and that a new trial ought to be granted; costs to abide the event.