BARHYDT *vs.* VALK.

The renewal of a justice's execution must be *signed by the justice*, or the con-
stable who executes the process is a *trespasser;* though it be shown that
the renewal is in the hand-writing of the justice, and that he made an entry
of the fact in his docket, the officer will not be protected.

It is the duty of the constable to search for property to satisfy an execution,
before he takes the body of the defendant; but in an action against him for
an illegal arrest, the *onus probandi* lies on the plaintiff, who must show that
he had property clearly subject to the execution, and that the constable had
due notice thereof—without such proof the law will presume that the of-
ficer did his duty.

*It seems* that in a flagrant case of an illegal arrest under such an execution
*trespass* would lie; but ordinarily the remedy is by action on the case.

ERROR from the Schenectady common pleas. Barhydt sued
Valk for *false imprisonment,* in arresting him on a justice's
execution, and committing him to the jail of the county of
Schenectady. Barhydt proved that at the time of his arrest
on the execution (which was in the ordinary form of process
of that nature, issued from a justice's court, i. e. commanding
the constable to cause the amount of the judgment to be made
of the goods and chattels of the defendant, and for want of
goods and chattels whereon to levy, to take the body of the
defendant and convey him to jail, &c:) he was, and for a long
time previous, had been possessed of personal property of value
more than sufficient to satisfy the execution. The defendant
produced the execution by virtue of which the arrest was
made; it was for $8,16, and bore date 27th July, 1829. It
was renewed by the justice on the 9th September, 1829, and
again on the 15th January, 1830, but the last renewal was
*not signed by the justice,* although it was admitted by the plain-
tiff that it was in the hand-writing of the justice, and that at
the time of the last renewal he had made an entry of the same
in his docket. The plaintiff was arrested on the 5th Februa-
ry succeeding the last renewal. The plaintiff objected that
the execution was valid, because the last renewal was not
signed by the justice; but the objection was overruled by the
court. The plaintiff having rested his cause, the defendant

NEW-YORK,
May, 1834.

Barhydt
v.
Valk.

moved that he be nonsuited, insisting that the plaintiff was not entitled to sustain any action ; but if he might maintain an action, that he should have brought *case*, and not *trespass* ; whereupon the court decided that unless the plaintiff proved *express notice* to the defendant of property belonging to the plaintiff, whereon the defendant might have levied in satisfaction of the execution, the motion must be granted. The plaintiff declining to give such evidence, the nonsuit was entered. The plaintiff sued out a writ of error.

*J. Brotherson*, for plaintiff in error.

*A. C. Paige*, for defendant in error.

*By the Court*, NELSON, J. It is no doubt the duty of the constable to search for property of the defendant in the execution out of which to collect the debt, before committing the defendant to jail, and we do not say but that there may be so flagrant a departure from duty in this respect as to sustain the action of *trespass and false imprisonment*, where a committal takes place without such search, and when there is sufficient property to satisfy the execution ; but the case should be a very clear and marked one, to induce the court to countenance this remedy. These executions combine the common law writs of *fi. fa.* and *ca. sa.*, and the officer is bound to execute the one or the other within 30 or 90 days, as the case may be, at his peril, if within his power. To prove affirmatively that he had searched for property, may often times be impossible, unless he takes with him a witness, which cannot be required ; and we therefore perceive no objection to the application of the general presumption that the officer had done his duty in the first instance, and to throw the burden, in these cases upon the defendant, to show that he had property clearly subject to the execution, and that he disclosed the fact to the constable, who, notwithstanding, refused to take it.

The revised statutes provide, that an execution not satisfied may from time to time be renewed by the justice issuing the same, " by an endorsement thereon to that effect, signed by him, and dated when the same shall be made." 2 R. S. 251, § 145. Without this provision a new execution must neces-

sarily have been issued, and I do not see how we can consider the old process revived without a substantial compliance with the terms of the statute. The former act, Laws of 1824, p. 286, § 14, did not prescribe the form of such renewal, and it was decided, 6 Wendell, 663, that any memorandum of the justice upon the execution indicating an intention of renewing the same was sufficient, without his signing his name. The present statute prescribes the form, the substantial parts of which cannot be dispensed with, and as the process is defective upon the face of it, it cannot protect the officer within any of the cases on this subject.   5 Wendell, 175.