By the Court,
Bronson, J.
The first levy was abandoned at the request and for the special benefit of the execution debtor; and there is no foundation for the argument that that levy amounted in law* to a satisfaction of the judgment. We had occasion to review the cases on this subject in Green v. Burke, (23 Wend. 490;) and nothing need be added on the present occasion.(a)
Forty dollars had been paid on the judgment, and the objection made to the renewal is, that the justice did not in his endorsement of renewal “ express the sum due on thenexecution.” (2 R. S. 251, § 145.) I am strongly inclined to the opinion that this provision should be regarded as only directory to the justice; and that his omission to comply with it altogether, would not make the creditor a wrong-doer and subject him to an action, where, as in this case, there has been no attempt to collect more *332 than the balance due. In Barhydt v. Valk, (12 Wend. 145,) on which the plaintiff relies, the endorsement was not signed ■ by the justice, and the renewal was therefore incomplete. It amounted to nothing. But here the renewal was in the usual form. The only objection to it springs out of the collateral fact that a partial payment" had been made. Where no abuse has followed, I cannot think that such an omission by the justice will subject the creditor to an action.
But however that may be, I think this renewal was well enough upon another ground. The object of the legislature in making this provision was to guard the execution debtor against being subjected to a double payment. Now, taking the two endorsements on the back of the execution together, the. whole matter is plain enough. First, the creditor says, on such a day I received forty dollars. Immediately under that • the justice writes, “ I renew the within execution,” and dates and signs it. That was, in effect, saying, “ I renew it for the balance unpaid.” The officer would read it in that way, and so it would be understood by every one. All the materials were furnished for calculating the interest and ascertaining the true sum due on the execution, Id cerium est quad cerium reddi potest. The jury should have been instructed that the renewal was sufficient.
New trial granted.

 See S. P., Porter v. Boone, (1 Watts & Serg. Rep. 251; Walker v. Bradley, (2 Arkan. Rep. 578.)