GALE *vs.* MEAD and SEELY.

A district school tax is valid though it be assessed and the tax list therefor be made out by the trustees *after* the expiration of one month from the time of holding the district meeting at which it was voted, the provision requiring these acts to be done within one month, being *directory* merely.

ERROR to Monroe C. P. Gale sued Mead and Seely before a justice of the peace, and declared in trover for certain goods. The defendants were two of the trustees of school district No. 3 in Clarkson, Monroe county. On the 16th of September, 1840, a district meeting voted a tax of $100 to finish the school house which the district was then building. On the 5th of November following, the trustees made a tax list and warrant for the collection of the tax, and delivered the same to the collector. On the 5th of October of the same year the district voted a further tax of $15; and on the 7th of November following the trustees made a tax list and warrant for the collection of that

Gale *v.* Mead.

tax, and delivered the same to the collector. By virtue of the two warrants the collector took the property in question. The justice gave judgment for the defendants, which, on *certiorari*, the C. P. affirmed. The plaintiff brings error.

*S. Boughton*, for plaintiff in error.

*H. R. Selden*, for defendants in error.

*By the Court*, BRONSON C. J. A district tax should be assessed, and the tax list made out by the trustees, within one month after the meeting at which the tax was voted. (1 *R. S.* 483, § 82.) Neither of the tax lists in this case was made out in season. But there are no negative words in the statute, such as would necessarily make it imperative; and in such a case, for the benefit of the public, the act may be done after the time has elapsed — the statute, as to time, being regarded as directory only. *Pond* v. *Negus*, (3 *Mass.* 230,) is a case directly in point; and we have approved of that decision. (*The People* v. *Allen*, 6 *Wend.* 486. *And see Rex* v. *Sparrow*, 2 *Str.* 1123; *Striker* v. *Kelly*, 7 *Hill*, 9.) The plaintiff relies on the case of *Gale* v. *Mead*, (4 *Hill*, 109;) but there the tax list was made out *before* the tax had been finally voted; and consequently the principle which has been mentioned could not be applied. Had it appeared in this case that there was a change in the taxable persons or property in the district between the expiration of the month and the time the tax list was made out, a different question would have been presented. But it does not appear that there was any such change, or that the plaintiff was in any way injured by the delay.

Judgment affirmed.