Parker *v.* Brown.

---

[ONONDAGA GENERAL TERM, October 3, 1853. *Gridley, W. F. Allen, Hubbard* and *Pratt*, Justices.]

---

## PARKER *vs.* BROWN.

Where a warrant for the collection of a school tax is not issued until after its renewal, it becomes by the renewal and delivery to the collector, for collection, a valid and effectual process, for all purposes, as of the date of the renewal. And the rights of taxpayers, and the powers and duties of the collector, are the same under such process that they would be had the warrant been made out and dated as an original process, on the day of its delivery to the collector.

For two weeks after receiving his warrant the collector acts, under it, as the mere receiver of such taxes as shall be voluntarily paid to him. He acts as collector, to *enforce* the collection, only in case default is made in the payment during the two weeks.

His warrant, so far as it is an authority to collect, only takes effect as to the unpaid taxes, at the expiration of the two weeks; and if he assumes to act as collector, by levying upon the property, within that time, he becomes a trespasser.

THE plaintiff brought his action of trespass *de bonis asportatis*, before a justice of the peace, to recover the value of certain hogs taken and sold by the defendant. The defendant justified, as a collector of taxes of school district No. 18 in the town of Van Buren, Onondaga county, under a warrant issued by the trustees of that district, directing the collection of a tax assessment against the taxable inhabitants of the district, of whom the plaintiff was one and named in the tax list. The plaintiff recovered before the justice $93,24. The judgment was affirmed by the county court of Onondaga county, and the defendant appealed to this court.

Parker *v.* Brown.

*L. R. Morgan,* for the appellant.

*S. C. Parker,* respondent, in person.

*By the Court,* W. F. ALLEN, J.   The tax, to collect which the warrant issued, was voted by the taxable inhabitants of the district, January 17, 1850.   The warrant was dated March 18, 1850.   There was no evidence that it was ever issued, or placed in the hands of an officer, for collection, until after its renewal. It was renewed November 3, 1851, and delivered to the defendant, who was the collector of the district, for execution, Nov. 14, 1851.   On the 17th of November the defendant levied on the property of the plaintiff, and sold the same on the 28th of the same month.   The justice doubtless erred in excluding as evidence of the levy and sale the official certificate of the defendant, indorsed upon the warrant; but as the facts were subsequently admitted, no injury resulted from the error, and the judgment should not be reversed for that reason.

The warrant not having been issued for collection prior to the renewal of November 3, 1851, it became by such renewal and delivery to the defendant for collection a valid and effectual process, for all purposes, as of that date. (*Gale* v. *Mead,* 4 *Hill,* 109. *Smith* v. *Randall,* 3 *Id.* 495.)   The rights of the plaintiff, and the powers and duties of the defendant, were the same under such process that they would have been had the warrant been made out and dated as an original process on the day of its delivery to the defendant.   The defendant seized the property of the plaintiff before the expiration of two weeks from the time of the receipt of the warrant by him.   There was no evidence that the plaintiff had refused to pay the tax, or in any manner waived the right to the two weeks given by law, (*Laws of* 1849, *p.* 535, § 5,) for the voluntary payment of the tax.   The policy of the law obviously is to secure to the taxpayer the term mentioned as a reasonable time to obtain the money and pay the tax assessed to him, and to protect his property in the meantime from levy and sale.   The statute has not left it discretionary with the collector to give or withhold this lenity as he pleases; but the

Parker *v.* Brown.

right is secured absolutely, and is for the benefit of the individual and not of the public. The taxpayer, also, by payment voluntarily within the two weeks is exempted from the payment of a portion of the collector's fees, but this is an incidental benefit, the primary and principal benefit being the opportunity to pay the tax without unnecessary inconvenience, or a sacrifice of property.

By the act of 1845, regulating the collection of town and county taxes, (*Laws of* 1845, *ch.* 181, §§ 29, 30 ; 1 *R. S.* 4*th ed. p.* 723,) it is made the duty of the collector to attend once in each week, for thirty days, at a place to be specified in a notice to be given by him, for the purpose of receiving payment of taxes ; and it is provided that *after the expiration* of the said thirty days it shall be the duty of the collector to proceed and collect the unpaid taxes in the manner provided by law. In analogy to this, the act of 1847, (*Laws of* 1847, *p.* 704, §§ 99, 100,) required the trustees of school districts to retain the tax lists and warrants made out by them, when a tax should be assessed of more than one hundred dollars, in their hands for two weeks, and to attend once in each week, on a day and at a place to be specified by public notice, for the receipt of taxes, and any person might within fifteen days from the first posting of the notice pay his taxes to the trustee having the tax list and warrant. At the expiration of the fifteen days the warrant, with the tax list, was to be delivered to the collector, whose duty it was to proceed and collect the unpaid taxes. In 1849 (*Laws of* 1849, *p.* 535, §§ 4, 5) sections 99 and 100 of the act of 1847 were amended, and the trustees were relieved from the obligation to retain the tax list and warrant in their hands and to receive the payment of the taxes, and they were authorized to deliver the tax list and warrant to the collector, who by the act is authorized and directed, upon receiving his warrant, for two successive weeks to receive such taxes as may be voluntarily paid ; and in case the whole amount shall not be paid in, the collector shall proceed forthwith to collect the same. By the force of the amendment the collector acts under his warrant, for two weeks, as the mere receiver of such taxes as shall be voluntarily paid

Parker *v.* Brown.

to him. He acts as collector, to enforce the collection, only in case default is made in the payment during the two weeks. His warrant, so far as it is an authority to collect, only takes effect as to the unpaid taxes, at the expiration of the time limited. Before that time he has no more authority than the trustees in whose place he acts had under the act of 1847. The warrant is delivered to him for a special purpose, and if that special purpose is not fully accomplished by the payment of all the taxes within the two weeks it then, as to the unpaid taxes, becomes valid and effectual as an authority to collect by levy and sale of property. The law provides that he may act as collector after a certain time and upon the happening of a certain contingency. The defendant has assumed to act before the time, and when the contingency has not happened, and is therefore a trespasser. He is not within the protection of his warrant. *Gale* v. *Mead*, (4 *Hill*, 109,) although not precisely in point, is somewhat analogous in principle. (*Thompson* v. *Gardner*, 10 *John.* 404.) The statute cannot in any sense be said to be directory. The difficulty is not in the execution of the warrant at a time *after* the day fixed by law for that purpose, or in a manner different from that prescribed by law, but in assuming to act as collector *before* he had authority to do so.

In certain cases, when there are no negative words in a statute, and authority to do the act has vested in the persons named, a statute will be regarded as directory for the benefit of the public, so far as to authorize the act to be done after the time limited by law. (*People* v. *Allen*, 6 *Wend.* 486. *Gale* v. *Mead*, 2 *Denio*, 160.) But the principle does not extend to a case like this where the public have no interest; when the defendant's authority to act had not vested, and when the rights of property are directly concerned.

The judgment must be affirmed.

[ONONDAGA GENERAL TERM, October 3, 1853. *Gridley, W. F. Allen, Hubbard* and *Pratt*, Justices.]