## THOMAS *vs.* CLAPP and others.

20b 165
33ap266.

The renewal of a warrant issued for the collection of a school tax, is equivalent to issuing a new warrant. And if the renewal is signed by only two of the trustees of the school district, the third refusing to sign it, the latter is not liable for any act done under the warrant.

If a warrant is fair on its face, it affords a complete protection to the collector; and this even though he has knowledge of facts rendering the process void.

The warrant is sufficient if signed by two of the trustees.

A warrant is not rendered void by a direction to the collector to collect the amount of the tax, together with *five* per cent for his fees; although the act of 1849 gives the collector only *one* per cent on all sums paid in within two weeks.

The statute does not prescribe a new form for the warrant, but limits the action of the collector under it.

Where a tax is levied and assessed by all the trustees, and in performing that duty they act together and all concur, it is unimportant whether all are present, or not, when the warrant is signed; the signing of the warrant being but a ministerial duty.

The statute requiring the tax to be assessed and the tax list therefor to be made out by the trustees and a warrant attached thereto, within thirty days after the district meeting at which the tax was voted, is merely directory, as to time. It being for the benefit of the public, those acts may be done after the time specified in the statute has elapsed.

THIS action was brought against the trustees and collector of school district No. 3, in Hebron, Washington county, the plaintiff claiming to recover the value of a cow seized and sold by the collector under a warrant issued by two of the three trustees. The warrant purported to have been issued on the 16th of June, 1853, and was signed by Clapp and Hathway. It was renewed July 18, thereafter, and the renewal was signed by Clapp and Chapman. The list of inhabitants and apportionment of the tax to which the warrant was attached was signed by all three of the trustees. The tax was levied for the purpose of raising five hundred dollars to build a school house. The authority for levying the tax was a resolution adopted Jan. 4, 1853, at a district meeting, and was as follows: "Resolved, by the consent of the town superintendent, we raise the sum of five hundred dollars to build a new house in said district." No consent by the superintendent was proved, but no objection was made, on the trial, to the defect of proof, nor was it suggested

in the notice of appeal. The trustees acted together in making out the tax list, and in apportioning the tax; but there was no meeting by them either to sign the warrant or its renewal, nor was the warrant or renewal signed by two of the three when they were all present, or at a time and place of meeting of which all had notice. The cow was seized under the warrant as renewed, about the 8th of August, and was sold about the 15th. Judgment was rendered for the plaintiff, which on appeal was reversed by the county court. An appeal was then taken to this court.

*W. H. Brown,* for the appellant.

*L. Frazer,* for the respondents.

BOCKES, J. The renewal was equivalent to a new warrant. (*Seaman* v. *Benson,* 4 *Barb.* 444. *Smith* v. *Randall,* 3 *Hill,* 498. *Folsom* v. *Streeter,* 24 *Wend.* 269. *Gale* v. *Mead,* 4 *Hill,* 109. *Parker* v. *Brown,* 17 *Barb.* 145.) The cow was therefore seized and sold under the command of Clapp and Chapman only. Hathway did not sign the renewal, but refused so to do. The county judge was therefore correct in deciding that the judgment was erroneous as to Hathway. The point is decided in *Van Rensselaer* v. *Kidd,* (2 *Selden,* 331,) where it is held that an officer issuing a warrant which is irregular and void, is not liable for the execution of it, after the return day.

If the warrant was fair on its face it afforded complete protection to the collector. (*Alexander et al.* v. *Hoyt,* 7 *Wend.* 89. *Savacool* v. *Boughton,* 5 *id.* 170. *Dunlap* v. *Hunting,* 2 *Denio,* 643, 645. *Bennett* v. *Burch,* 1 *id.* 141, 145, 146. *Cornell* v. *Barnes,* 7 *Hill,* 35.) And this rule obtains, even though he has knowledge of facts rendering the process void. (*The People* v. *Warren,* 5 *Hill,* 440. *Webber* v. *Gay,* 24 *Wend.* 485.) The warrant commands the collector to collect the several sums specified in the tax list annexed, from

Thomas *v.* Clapp.

the persons therein named, as thereby assessed, together with five per cent for fees. If there is any informality in the warrant it consists in the direction to collect five per cent for fees; the law of 1849 (*Sess. Laws of* 1849, *p.* 555) entitling the collector to but one per cent on all sums paid in within two weeks. This statute does not prescribe a new form for the warrant, but limits the action of the collector under it. He cannot demand or receive over one per cent for such sums as may be paid in to him within two successive weeks, and when he proceeds to collect after the expiration of that time he may collect, and should be commanded to collect, five per cent for his fees. He is to remain passive to receive during two weeks, and then is to proceed to collect, when he may demand five per cent on his collections for fees. (*Parker* v. *Brown,* 17 *Barb.* 145.) It was sufficient that the warrant was signed by two of the trustees. The statute requires that the warrant should be under the hands of the trustees, or a majority of them. (1 *R. S.* 903, 4*th ed. p.* 144. *Folsom et al.* v. *Streeter,* 24 *Wend.* 266.) The warrant was fair on its face, and hence afforded complete protection to the collector.

The tax was levied and assessed by all the trustees; and in performing those duties they acted together, and all concurred. This was an end of their judicial labors, and it was unimportant whether all were present or not when the warrant was signed. The signing of the warrant was but a ministerial duty. The case of *Lee* v. *Parry,* (4 *Denio,* 125,) and kindred cases, have therefore no application to this.

The statute requiring the tax to be assessed and the tax list therefor to be made out by the trustees and a proper warrant attached thereto, within thirty days after the district meeting in which the tax shall have been voted, is merely directory as to time. It being for the benefit of the public, those acts may be done after the time specified in the statute has elapsed. (*Gale* v. *Mead,* 2 *Denio,* 160, *and cases there cited.*)

It only remains to inquire whether the trustees had jurisdiction to levy the tax; and on this question there can be but

one opinion. They acted in pursuance of their duty, under a resolution adopted at a regular meeting of the inhabitants of the district.

The judgment of the county court should be affirmed.

[FULTON SPECIAL TERM, May 15, 1855. *Bockes*, Justice. Affirmed at the ESSEX GENERAL TERM, July 2, 1855, *C. L. Allen, Bockes* and *James*, Justices, for the reasons given in above opinion.]