NELSON WITHERIL, PLAINTIFF, *v.* HARVEY S. MOSHER, H. ENGLISH AND OTHERS, DEFENDANTS.

*Villages — power of to raise money — Submission of question to electors — what designation of amount sufficient — chap.* 291 *of* 1870.

Where the trustees of a village, by virtue of chapter 291 of 1870 authorizing villages to raise money for extraordinary expenditures, adopted a resolution "that the sum of $1,000, or so much thereof as shall be necessary, be and is hereby assessed upon the taxable property within the corporate limits, for the purpose of purchasing a good fire engine and the necessary hose," etc., and the same was, as required by said act, submitted to the electors at the annual election and adopted by them, *held,* that the resolution was a sufficient compliance with section 4 of title 4 of said chapter, allowing the trustees to raise money for extraordinary expenditures by submitting a resolution stating the amount to be raised and the specific object to the electors of the town, and that a tax levied in pursuance thereof was valid.

The provisions of section 2 of title 2 of said act, declaring that the trustees *shall,* within twenty days after any extraordinary expenditure shall have been voted, proceed to assess the amount thereof, is directory and the validity of the tax is not effected by the failure of the trustees to assess the same within the twenty days.

MOTION for judgment on a verdict directed in favor of the plaintiff, subject to the direction of the General Term.

This action was brought to recover the value of certain personal property, alleged to have been converted by the defendants.

The defendant Mosher justified the taking of the property by virtue of an assessment roll and warrant, issued to him as the collector of the village of Arcade. It appeared that on the 27th of October, 1874, a special election was held in said village, at which a resolution was adopted by the board of trustees directing the sum of $1,000, or so much thereof as might be necessary, be raised for the purpose of purchasing a fire engine for the village. It was the collection of the tax imposed in pursuance of the resolution, that the plaintiff claimed to be illegal and unauthorized.

Section 4 of title 4 of chapter 291 of 1870 (the act under which the tax was imposed) provides as follows, viz.: "The trustees shall have power to raise money for an extraordinary expenditure for any purpose by assessment and tax, by submitting the resolution stating the amount to be raised, and the specific object for

which, to the annual election or to a special election of the legal electors entitled to vote on such questions, to be held as in this act directed."

Section 2, title 6 of said act provides that, " they " (the trustees) " *shall* also, *within twenty days* after any extraordinary expenditure, shall have been voted by the legal electors at a special election, proceed to assess the amount in the manner herein directed as to ordinary expenditures."

*H. M. Hill*, for appellant Mosher.

*I. Sam. Johnson*, for appellants English and others.

*Humphrey & Lockwood*, for the respondent.

MULLIN, P. J. :

By section 4, title 4, of chapter 291, of the Laws of 1870, entitled "An act for the incorporation of villages," it is provided that the trustees shall have power to raise money for an extraordinary expenditure for any purpose by assessment and tax, by submitting a resolution stating the amount to be raised and the specific object for which it is to be raised, to the annual election or to a special election of the legal electors entitled to vote on such questions, to be held as in said act provided.

The defendants are the trustees and collector of the village of Arcade, in the county of Wyoming, a village incorporated under the above statute.

The trustees, deeming it for the interest of the inhabitants of said village that a fire engine, with a suitable quantity of hose, should be purchased for the use of said inhabitants, passed at a meeting of said trustees, held in said village on the 16th October, 1874, a resolution of which the following is a copy, to wit:

It was unanimously "resolved that the sum of $1,000, or so much thereof as shall be necessary, be and is hereby assessed upon the taxable property within the corporate limits, for the purpose of purchasing a good fire engine, and the necessary hose accompaniments."

A meeting of the electors of said village was duly called and

held, and the foregoing resolution was submitted to said electors, and they voted thereon by ballot, and the resolution was adopted by a majority of ten votes.

The trustees, acting as assessors, assessed the amount of $1,000 on the real and personal property in said village, and annexed a warrant to the tax roll commanding the collector to proceed and collect said tax.

The collector, by virtue of his warrant, proceeded to seize the property of such of the persons assessed, as neglected or refused to pay the tax, and sold the same at public auction and paid the proceeds into the treasury of said village.

The several persons whose property was sold by the collector assigned their claims against the collector to the plaintiff.

The legislature intended to require that the question, whether money should be raised for extraordinary expenditures in villages incorporated under the general law above referred to, should be submitted to the electors of the village before the labor to be done or property to be purchased, for which the money to be raised is to be applied in payment, is done in the one case or purchased in the other.

It must have been understood by the legislature that in many, if not in most instances, it would be impossible to know the precise sum that would be required to pay for contemplated improvements or for property needed for the use of the corporation.

Prudence would dictate to the trustees to propose to the electors to raise a sum sufficiently large to cover the whole expense intended to be incurred, and thus avoid a second tax to make up a deficiency, and on the other hand to avoid raising too much, thereby leaving in the treasury an amount not needed.

The resolution submitted to and adopted by the electors gave effect to the intention of the legislature, and adequately protected the tax-payers as far as it was possible for the trustees to protect them, while ignorant of the precise sum needed.

Under the resolution the trustees could raise not to exceed $1,000, but might raise as much less as should be requisite to pay for the engine and hose.

It would be a very absurd construction of the section under consideration to make it the imperative duty of the trustees to raise

the whole sum voted by the electors, should it be ascertained that a smaller sum was all that was needed.

It seems to me the resolution was in accordance with the statute.

The plaintiff's counsel objects to the legality of the proceedings of the trustees, because they did not within twenty days after the adoption of the resolution by the electors proceed to assess the amount voted in the manner prescribed by the statute.

The statute is directory merely, not mandatory. The act relating to assessing property in school districts for school purposes requires the tax voted at a distinct meeting to be assessed within one month after the meeting at which it was voted (1 R. S., 483, § 82), but it was held that the trustees could lawfully assess it after the expiration of the month.· (*Gale* v. *Mead*, 2 Den., 160 ; *Thomas* v. *Clapp*, 20 Barb., 165.)

If the statute is directory in the one case, it surely was in the other.

Judgment is ordered for the defendant on the verdict.

Present — Mullin, P. J., Smith and Talcott, JJ.

Judgment for defendant on the verdict.