HARVEY S. BEDELL, AS ASSIGNEE OF JAMES L. HUMPH-REY, BANKRUPT, RESPONDENT, *v.* WILLIAM H. BARNES, APPELLANT.

*Sale by school collector — invalid, if notice be not posted — measure of damages.*

The defendant, a school collector, levied upon and sold certain property belonging to plaintiff's assignor, for an unpaid tax, without having posted the notice as required by statute. Subsequently, the purchaser, upon being threatened by plaintiff with an action, sold the property to him for the amount of his bid.

In this action by the plaintiff, *held*, that the failure to post the notice rendered the sale void and the defendant liable as a trespasser.

That the plaintiff could only recover the amount paid by him to regain the property.

APPEAL from a judgment of the Oneida County Court, entered upon a verdict in favor of the plaintiff, and also from an order of that court denying the defendant's motion for a new trial made on the judge's minutes.

The action was one of trespass for taking and carrying away certain personal property of the plaintiff, as assignee in bankruptcy of one Humphrey. The defendant was a school collector, and assumed to levy upon and sell the property to satisfy a school tax against Humphrey. It appeared that the defendant omitted to post a notice on the outside of the front door of the school-house, as was required by statute.

The property was bid off by one Forgham, and there was evidence tending to show that shortly after the sale Forgham, at the request of the plaintiff, released all the property to him, and restored it to his possession on payment of the sum of $24.60, being the amount which the property had cost Forgham.

The action was originally commenced in a justices' court. The plaintiff recovered $200 before the justice, and the like sum in the County Court.

*S. Cromwell*, for the appellant. The court erred in its application of the rule as to the measure of damages. The evidence shows, and the plaintiff admits, that he repossessed himself of all of the property, and that fact should have gone in mitigation of damages. (*Vosburgh* v. *Welch*, 11 John., 175; 2 Hill, 204, and note; *Dailey* v. *Cronley*, 5 Lans., 301; *Baker* v. *Freeman*, 9 Wend., 36; *Lyon* v. *Yates*, 52 Barb., 237.)

*D. M. K. Johnson*, for the respondent. The defendant wrongfully took the property of the plaintiff of the value of over $200, and refused to deliver it; sold it; converted it to his use. If the plaintiff is entitled to recover, the value of the property is the measure of damages. (*Cortilyou* v. *Lansing*, 2 Cai. Cas., 200; *Kennedy* v. *Strong*, 14 Johns., 128; *Smith* v. *Griffith*, 3 Hill, 333; *Com. Bk. of B.* v. *Kortright*, 22 Wend., 348; *Androws* v. *Durant*, 18 N. Y., 496; *Scott* v. *Rogers*, 31 id., 676.)

SMITH, J. :

The statute requires the collector of a school district, on receiving a warrant for the collection of taxes, to give notice to the tax payers of the district by publicly posting notices of the purport specified in the act, in at least three public places in the district; one of which shall be on the outside of the front door of the school-house. (Laws of 1871, chap. 359, § 2.) This cannot be regarded as directory merely. The notice is for the benefit of the tax payers. In that respect it is analagous to the provision of law giving two weeks for the voluntary payment of the tax. (Laws of 1849, ch. 382, p. 535, § 5.) It has been held that if a collector levies within that time he is a trespasser. (*Parker* v. *Brown*, 17 Barb.,

145.) So a town collector has no right to levy without a previous demand. (1 R. S., 397, § 1; *Thompson* v. *Gardner*, 10 Johns., 404.) The defendant was, therefore, liable for the injury which the plaintiff sustained by reason of the seizure and sale of his property, but as the purchaser had, at his request, released the property, and restored it to the plaintiff's possession, on being paid what it cost him, that fact should have mitigated the damages. The plaintiff seeks to distinguish the case from those in which the property is bid off by the agent of the plaintiff, or one acting in privity or concert with him. Here it is said the plaintiff repurchased the property, and that is no reason why he should not recover its value of the trespasser. But the evidence tends to show that he threatened the purchaser with suit, as a wrong-doer, and that the latter thereupon proposed to relinquish his bid, on being reimbursed, and the plaintiff accepted the property on those terms.

We think that under those circumstances he cannot recover the value from the officer making the sale. If there was any question as to the nature of the transaction by which the plaintiff regained possession, it should have been left to the jury.

The judgment and order should be reversed, and a new trial ordered in the Oneida County Court ; costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment and order reversed, and new trial ordered in Oneida county : costs to abide event.