DAVID BAKER, Respondent, *v.* JAMES LEE, Appellant.

*Warrant for the collection of school taxes — effect of a renewal thereof by a trustee — he cannot limit the time within which it must be executed.*

In this action, brought to recover damages for the taking and selling of the plaintiff's wagon, the defendant claimed to have taken the property, as a collector of school taxes, under a warrant 'issued to him on the 30th day of October, 1885. Upon the trial it appeared that a few days after the warrant had expired it was renewed by an indorsement made thereon by the trustee in the following words: "Renewed for ten days." On November third the trustee wrote upon it the additional words: "Renewed for twenty days from the time it run out." The levy was made on November fifth and the wagon was sold on November twelfth. The court below held that as the sale was made after the ten days had expired it was not authorized by the first renewal, and that the second renewal was void for want of the written approval of the supervisor indorsed thereon as required by the statutes.

*Held,* that he erred in so doing.

That the words of limitation added to the first renewal being unauthorized by the statute were to be treated as surplusage, and that the renewal was to be regarded as the issuing of a new warrant of the same force and effect, in all respects, as the original warrant, and that the collector was, therefore, protected by it in making the levy and sale.

The cases determining the effect of a renewal of a collector's warrant by a trustee, collated and considered by Smith, P. J.

Appeal from a judgment of the Cayuga County Court reversing a justice's judgment in favor of the plaintiff.

*Frank C. Cushing,* for the appellant.

*D. L. Hurlbert,* for the respondent.

Smith, P. J.:

Action for taking and selling the plaintiff's wagon. The defendant justified as collector of school taxes, by virtue of a warrant issued by the trustee.

It appeared in evidence that the original warrant issued to the defendant, as collector, had run out in his hands, and on the 30th of October, 1885, a few days after it expired, it was renewed by an indorsement upon it made by the trustee, or by his direction, in the following words : " Renewed for ten days." On November third, the trustee wrote upon it the additional words: "Renewed for

twenty days from the time it run out." The collector levied upon the wagon November fifth and sold it on the twelfth. The county judge was of the opinion that as the sale was made after the ten days had expired, it was not authorized by the first renewal, and that the collector was not protected by the second renewal as that was void for want of the written approval of the supervisor indorsed thereon, as required by Laws 1864 (p. 1265, chap. 555, § 87), and by Laws 1867 (vol. 1, p. 975, chap. 406, § 22). On that ground alone he reversed the judgment of the justice.

The plaintiff's counsel contends that the first renewal was for the life of the original warrant, that is, for thirty days, and that the words "for ten days" were surplusage. In other words, that the authority of the trustee was limited to granting or withholding a renewal; that the effect of the renewal and delivery of the warrant to the collector was to make it a valid and effectual process, as of that date, including the time that it had to run ; and that the trustee had no power to diminish or enlarge the time.

We are inclined to think the contention is well founded. The statute simply gives the power to renew; it does not prescribe the form of renewal, nor authorize the trustee to say for what time the renewal shall operate. (Laws 1864, p. 1264, chap. 555, § 86, and Laws 1867, vol. 1, p. 974, chap. 406, § 21.) It seems that the renewal of the warrant and its delivery to the collector have the effect of making it a new process, of the same force and effect, in all respects, as the original warrant.

In *Folsom* v. *Streeter* (24 Wend., 266), Chief Justice NELSON said : "The renewal is, in fact, but a reissuing of the process, and I perceive no reason against regarding it as an original issuing."

In *Smith* v. *Randall* (3 Hill, 495), it was said by BRONSON, J.: "The renewal of the warrant made it new process for all the purposes of collecting the taxes which then remained unpaid. By renewing 'the within warrant,' the defendants said, in effect, to the collector: 'We command you, as within you are commanded,' to collect, etc. It is the same thing, substantially, as though the original warrant had been recited in the renewal." In the same case he criticised and declined to concur in a *dictum* that fell from Mr. Justice SUTHERLAND, in *Preston* v. *Leavitt*, 6 Wend., 663), to the effect that the renewal of a justice's execution "does not

*per se* constitute a new execution." The same doctrine was applied in *Gale* v. *Mead* (4 Hill, 109) under very peculiar circumstances. The taxable inhabitants of a school district voted to lay a tax for building a school-house. Thereupon the trustees made out a tax-list and warrant, but before the same were delivered to the collector, the vote for the tax was repealed at a subsequent district meeting. At a still later meeting the repealing vote was repealed, and there-upon the trustees renewed the warrant previously made out, and then, for the first time, delivered it to the collector. It was held to be valid. The court said: "As the warrant had never been issued before, there could not strictly be a renewal of it, within the meaning of the statute. Still, the renewal, under the hands and seals of the trustees, may, perhaps, be regarded as making it new process of that date." (Citing *Smith* v. *Randall, supra.*)

In *Seaman* v. *Benson* (4 Barb., 444), GRAY, J., said: " The renewal of a warrant is the renewal of the command contained in it. By it the same power is given to the collector, the same time within which to collect, and the same responsibilities are imposed upon him as if it was an original warrant. And I am unable to perceive the substantial difference between the renewal of it by a repetition of the command, in the form of a new warrant, and renewing it by indorsement upon the back of the original."

*Parker* v. *Brown* (17 Barb., 145) also was a case in which the original warrant was not issued to the collector until after its renewal. ALLEN, J., said: " The warrant not having been issued for collection prior to the renewal of November 3, 1851, it became, by such renewal and delivery to the defendant for collection, a valid and effectual process, for all purposes, as of that date." (Citing *Gale* v. *Mead* and *Smith* v. *Randall, supra.*) " The rights of the plain-tiff and the powers and duties of the defendant were the same under such process that they would have been had the warrant been made out and dated as an original process on the day of its delivery to the defendant." And in *Thomas* v. *Clapp* (20 Barb., 165) it was held that the renewal of a warrant for the collection of a school tax is equivalent to issuing a new warrant.

It is true that in none of the cases cited was the indorsement of renewal special or limited in any respect. But it is clear, in this case, that the trustee intended to renew the warrant and caused the

indorsement to be made for that purpose; and it is equally clear, from the authorities cited, that if the renewal was effectual for any purpose it was equivalent to the issuing of a new warrant. The words of limitation were either mere surplusage or they had the effect to vitiate the renewal and render it void. To adopt the latter construction would be going counter to the manifest intention expressed by the indorsement, and would be applying a harsh and severe rule to the proceedings of school district officers, had in good faith. As was said by NELSON, Ch. J., in *Folsom* v. *Streeter* (*supra*): "The system has become somewhat complicated, the duties of these officers often difficult and involving considerable responsibility. Their conduct should always be viewed with indulgence, and is entitled to the most charitable intendments of the law." We think the words of limitation are to be treated as surplusage, and that the renewal is to be regarded as the issuing of a new warrant. Thus viewed it was a protection to the collector in making the levy and the sale.

Upon all the other points discussed by counsel we concur in the views expressed by the county judge in his opinion. The result is that the judgment of the County Court should be reversed and that of the justice affirmed.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court reversed and that of the justice affirmed.