CHARLES DUNTLEY, APPELLANT, v. MORTON H. DAVIS,
RESPONDENT.

*Tax collector — effect of his failure to give a bond as required by section 24 of chapter
567 of 1875 — when his acts done under the warrant are rendered valid by the
subsequent giving of the bond.*

A warrant for the collection of school taxes was, on December 11, 1882, placed
in the hands of the defendant, who had, in the previous October, been duly
elected collector of taxes. At the time he received the warrant he had not been
notified to give a bond, nor had the amount thereof been fixed by the school
meeting or the trustee, as required by section 24 of chapter 567 of 1875. The
defendant posted the statutory notice to the taxpayers to make voluntary pay-
ment within two weeks, and personally demanded payment of them within the
life of the warrant; the plaintiff refused to pay the tax assessed against him,
which amounted to one dollar and twelve cents. Upon the expiration of the
warrant it was, on January 24, 1883, duly renewed by the trustee. On the next
day the defendant gave his bond to the trustee and then again demanded pay
ment of the plaintiff, and upon his refusing to pay levied upon a wagon
belonging to him and thereafter sold it, without having again posted the statu-
tory notices giving the taxpayers time for voluntary payment.

*Held,* that so much of the statute as required a bond to be given by the collector
was mandatory, but that the provision prescribing the time within which this
should be done was directory only.

That in the absence of any evidence that the taxpayer or the public were preju-
diced by the failure of the defendant to give the bond at the time prescribed
by law, and inasmuch as abuses did not seem likely to arise or to be
favored by so holding, public policy required the court to hold that upon the
filing of his bond by the collector all his acts done under the warrant before
the levy and sale were validated.

APPEAL from a judgment in favor of the defendant, entered upon
a verdict rendered in the County Court of Essex county, and from
an order denying a motion for a new trial made upon the minutes.

The action was originally brought in a Justice's Court to recover
the value of a wagon alleged to have been wrongfully seized and sold
by the defendant, as a collector, for the non-payment of a school tax.

*B. Pond,* for the appellant.

*Milo C. Perry* and *Marcus D. Grover,* for the respondent.

LANDON, J.:

The warrant for the collection of the school taxes was placed in
the hands of the defendant December 11, 1882. He had been

duly elected collector of taxes for the school district in October previous. He was, therefore, collector *de jure*. (*Foot* v. *Stiles*, 57 N. Y., 399; *Williamson* v. *McKinney*, 52 id., 382.) He had not, at the time he received the warrant, been notified to give a bond, nor had the amount thereof been fixed by the school meeting or the trustee, as the statute requires. (Laws 1875, chap. 567, § 24.) The defendant, as collector, was not, therefore, so in default, because of such omission to give the bond, as to avoid his title to the office, or to make it defeasible. (*Woodhull* v. *Bohenblost*, 4 Hun, 399.)

The section of the statute cited, however, provides that " within such time, not less than ten days, as the trustee shall allow him for the purpose, the collector, before receiving the first warrant for the collection of money, shall execute a bond to the trustee with one or more sureties, to be approved by a majority of the trustees, in such amount as the district meeting shall have fixed, or, if such meeting shall not have fixed the amount therein, such amount as the trustees shall deem reasonable, conditioned for the due and faithful execution of the duties of his office." (Laws 1875, chap. 567, § 24, p. 644; Laws 1864, chap. 555, § 83, p. 1263.)

The defendant, as collector, notwithstanding he had given no bond, proceeded under the warrant. He posted the statutory notices to the taxpayers to make voluntary payment within two weeks, and he personally made demand of payment of them within the life of the warrant. The tax against the plaintiff was one dollar and twelve cents, which he refused to pay. The warrant expired and was duly renewed by the trustee January 24, 1883. On the next day the defendant gave his bond to the trustee, and then again demanded payment of the plaintiff; this was refused, whereupon the defendant levied upon his wagon and thereafter sold it. The defendant, after giving his bond, did not again post the statutory notice giving the taxpayers time for voluntary payment. It is a condition precedent to the right of the collector to levy and sell that such notices be posted. (*Bedell* v. *Barnes*, 15 Hun, 353.) If the notices posted before the bond was given were a compliance with the statute, or, if the statute requiring the bond to be given is merely directory, and when given related back to the receipt of the warrant, then the plaintiff cannot complain.

It was held in *Woodhull* v. *Bohenblost* (4 Hun, 399) that it was the intention of the legislature that the collector should have no power to execute the warrant until the bond should have been given. That was a case between the trustee and collector. No doubt the people for whose benefit the bond is required may rightfully object to his collecting any taxes until he has given the bond guaranteeing his fidelity. It will be seen that the section of the statute quoted above authorizes the trustees to fix the time in which the collector shall give the bond, and makes the time end before the collector receives his first warrant.

Here the time fixed by the trustee ended later. But time, so far as the validity of the bond is concerned, is merely directory, since the statute does not negative its validity, if filed after the warrant is delivered. (*Gale* v. *Mead*, 2 Den., 160; *Dawson* v. *People*, 25 N. Y., 399.) The giving of the bond is mandatory; the time when, directory. When, therefore, the defendant had delivered the bond, his competency to execute the warrant was complete. He had posted the preliminary notices when his competency was only partial. The case is not without difficulty, and, so far as we know, is without precedent, but we think that public policy, in the absence of any evidence that the taxpayer or the public were prejudiced thereby, and inasmuch as abuses do not seem likely to arise or be favored, requires the holding that, upon the filing of his bond, all his acts under the warrant, before levy and sale, were validated.

In the case of *Rounds* v. *Mansfield* (38 Me., 586), to which we are cited, the statute required the pound-keeper, before acting as such, to give a bond. The bond was the condition precedent to his right to act. Here the statute does not say the giving the bond is a condition precedent to the right of the collector to act or to receive the warrant. But we quite agree that he cannot enforce the warrant until he shall have given his bond. Here he had given it before he enforced the warrant.

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment and order affirmed, with costs.