## WILSON N. HOWE, APPELLANT, v. PERRY OYER, RESPONDENT.

*Forcible entry by a constable in an action of replevin — when justifiable.*

In an action, brought to recover damages for the alleged conversion of certain articles of personal property, the defendant answered, by way of justification, that he was a constable and took the property into his possession by virtue of the requisition issued in an action brought in a Justice's Court, and founded upon the requisite affidavit and undertaking, to recover possession thereof.

The property was in the dwelling-house of the plaintiff, into which, in the absence of the latter, the constable made forcible entry in order to replevy the goods and took them from the house.

*Held*, that the constable, in such proceedings, was vested with the same power as the sheriff, who is required, in case any chattel, described in the affidavit in such proceedings, is secured or concealed in a building or inclosure, to publicly demand its delivery, and if delivery is not made pursuant to the demand, to cause the building or inclosure to be broken open and to take the chattel into his possession.

The constable in this case, upon a first visit to the house where the property was, learning that the plaintiff was away left, and afterwards returning "rapped and halloed Wilson;" finding the door fastened, he then took an ax and pried off the window-casing, thus obtaining an entrance to the house. It appeared that no person was in the house when the constable went there and proceeded thus to execute the process.

*Held*, that he had done all that was requisite to justify his making the forcible entry.

That the demand referred to in the statute might be made at the building, and need not be made elsewhere, and that the absence of the occupants from the building did not preclude the officer from making an entry.

That, under the circumstances, it would have been a useless ceremony to read aloud the list of articles which the constable was seeking to replevy and formally to making a demand for the delivery thereof.

*Semble*, that the right of an officer to forcibly enter a building, in order to replevy property, existed at common law and was not derived from the statute.

APPEAL by the plaintiff from a judgment of the Cattaraugus County Court of December 31, 1887, reversing a judgment of a justice of the peace of the town of Ellicottville, in favor of the plaintiff.

*William Manley*, for the appellant.

*Inman & Cole*, for the respondent.

BRADLEY, J.:

The alleged cause of action was that the defendant wrongfully took and converted to his own use certain articles of personal property of the plaintiff. This was denied by the answer of the

defendant, who alleged, by way of justification, that he was a constable, and took the property into his possession by virtue of a requisition in an action to recover the possession of it; and it appeared that in an action brought in a Justice's Court by Nancy P. Howe against Wilson N. Howe (the plaintiff herein) to recover certain chattels, embracing those in question, a requisition, founded upon the requisite affidavit and undertaking, was delivered to the defendant, who was a constable, to execute. The property was in the dwelling-house of the plaintiff, into which, in the absence of the latter, the constable made forcible entrance, to replevy the goods, and took them from the house. The plaintiff's counsel contends that the entry was illegal, and that as a consequence the taking of his goods was not justified. The plaintiff recovered before the justice, and his judgment was reversed by the County Court. The statute, peculiar to the execution of the requisition in an action of replevin, provides that "if any chattel described in the affidavit is secured or concealed in a building or inclosure, the sheriff must publicly demand its delivery. If it is not delivered pursuant to the demand, he must cause the building or inclosure to be broken open, and must take the chattels into his possession" (Code Civ. Pro., § 1701); and such was substantially the provision of the prior statute. (Laws 1788, chap. 5; 1 R. L., 92, § 3; 2 R. S., 524, § 10.) The word "building" evidently was intended to include a dwelling-house. In the provision of the Revised Statutes the words "dwelling-house or other building" were used. The present statute seems designed to continue the same means of execution of the requisition in such cases. The constable, in that respect, is vested with the same power as the sheriff (Code, § 2922); and he had the right, on complying with the statute, to break and enter the building for the purpose of executing the requisition, and to there execute it; but if his entry was illegal he was a trespasser, *ab initio*, and the taking of the property by him was wrongful. (*People* v. *Hubbard*, 24 Wend., 369; *Curtis* v. *Hubbard*, 4 Hill, 437; affirming 1 id., 336; *Ilsley* v. *Nichols*, 12 Pick., 270.) Inasmuch as it was within his power to make the entry, it may be presumed, in the absence of evidence to the contrary, that he performed his duty in a lawful manner. (*Hartwell* v. *Root*, 19 John., 345; *Barhydt* v. *Valk*, 12 Wend., 145.)

The defendant, however, testified on the subject, and his evidence was that when he first went to the house to execute the process and take the property, he learned that Mr. Howe was away, and that the defendant left and afterwards returned to the house, "rapped and halloed Wilson;" that he found the door fastened, took an ax, pried off the window casing, went in, turned the key of the front door, opened it and executed the requisition by taking the property mentioned in the affidavit, and no other. It appears that no person was in the house when the constable went there and proceeded to execute the process. The question is whether he did all that was requisite to permit the forcible entry. The demand referred to by the statute may be made at the building, and need not be made elsewhere; and the absence from it of the occupants does not deny to the officer the right to make the entry; but the statute requires the officer to "publicly demand" delivery of the property before proceeding to make such entry, the right of which is dependent upon non-delivery pursuant to the demand. The purpose of this requirement evidently is to prevent unnecessary intrusion upon the inmates of the building, and to prevent an unnecessary forcible entry. The statute provides no qualification of its declared rule, that the demand be publicly made. And it would seem to import, in its application to the subject to which it relates, that the demand must be made openly and in such manner as to draw the attention of persons in and about the premises to the purpose of the officer's presence there. It can hardly be said to have reference to the public or community at large, as it cannot be supposed that those having no relation to the building would come within the persons to whom the demand was designed to reach. It sufficiently appears that a formal demand, publicly made, would have been ineffectual, as no person was there to respond to it. The officer was there with his process, charged with the duty to take the property, and, with a view to calling the attention of some one to the matter, and to obtain it without forcibly entering the building, he did rap upon the door of the house, and by halloing announced his presence there, and loudly called for the occupant by name. Under the circumstances, it would appear to have been a useless ceremony to read aloud the list of articles of the property which the constable was seeking to

replevy, and formally express a demand for the delivery of them. (*Crosse* v. *Smith*, 1 Maule & S., 545.) The right of the officer to forcibly enter the building to replevy the property is not derived from the statute. By the common law, an officer, in the execution of process directing him to take specific property, might forcibly enter any building containing it, after having demanded and been refused admission for the purpose of the execution of such process. (Freeman on Executions, §§ 468, 473 ; *Keith* v. *Johnson*, 1 Dana, [Ky.] 604 ; 25 Am. Dec., 167.)

And the like power may be exercised to take property upon which the officer has previously levied an execution, or to complete a levy partially made. (*Saunders* v. *Millward*, 4 Harr. [Del.] 246 ; *Aga Kurboolie Mahomed* v. *Reg.*, 4 Moore [P. C.], 239 ; *Glover* v. *Whittenhall*, 6 Hill, 597.) Although such demand is deemed an essential prerequisite, it may not be required when it is clear that it would be a useless ceremony. (*Allen* v. *Martin*, 10 Wend., 300 ; *Mahomed* v. *Reg.*, *supra*.) The statutory modification of the common law, so far only as to direct that the demand be publicly made, does not, in view of the construction hereinbefore given to the term, require it to be formally observed when it clearly may be seen that it could have no effect. The title of the statute of 1788, was "An act to prevent abuses and delays in actions of replevin." In that is indi_cated the purpose, in such case, to embrace within the statute the authority of the officer to make public entry, and a precaution against its abuse by making its exercise dependent upon failure otherwise, at the time, to obtain the goods within the building. There is no opportunity to suppose that such public demand, formally made by the constable, would have had any practical effect, or that it would have added, to what he did do, anything to call attention to the purpose for which he was there with his process. And, assuming that the evidence in that respect of the defendant is a statement of all he did do preliminarily to his entry into the house, we think that, in view of the situation and circumstances before mentioned, he was not, by the act of forcibly entering, chargeable with wrongfully taking and converting the property in question. And aside from that fact, the requisition, which embraced the affidavit on which it was indorsed, justified the officer in taking the property, although it belonged to the plaintiff. (*Shipman* v. *Clark*, 4 Denio, 446 ;

*Foster* v. *Pettibone*, 20 Barb., 350; *Bullis* v. *Montgomery*, 50 N. Y., 352; *Otis* v. *Williams*, 70 id., 208.) There is no other question requiring consideration.

If these views are correct, the judgment of the County Court should be affirmed.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed.