## RENTSCHLER v. FOX.

REPLEVIN—SERVICE—ENTERING HOUSE—TRESPASS.

An action of trespass will not lie against a constable for unlocking a door and entering plaintiff's house and shop to serve a writ of replevin on household furniture and shop fixtures therein, where the constable first asked admittance for the purpose of serving the writ.

Error to Wayne; Hosmer, J. Submitted April 11, 1902. (Docket No. 86.) Decided May 8, 1902.

Trespass *quare clausum fregit* by John E. Rentschler against David W. Fox. From a judgment for defendant, plaintiff brings error. Affirmed.

*Bacon & Yerkes*, for appellant.

*Lehmann & Riggs*, for appellee.

MONTGOMERY, J. This is an action of trespass. The declaration contains two counts,—one for breaking and entering the dwelling house of plaintiff, the other for breaking and entering a store building occupied by plaintiff. The defendant justified his breaking by a plea setting up that he entered the two buildings in question while acting as a constable in the city of Detroit, and for the purpose of serving a writ of replevin.

The testimony offered by defendant tended to show that he visited the plaintiff at his store on Third avenue, and said to him that he had a writ of replevin for his shop fixtures and for his household goods, and desired him to open the doors and let him in; that the plaintiff replied, "No, I will go over to my folks;" that defendant did not give him any assurance that he would wait for him, but did wait 10 or 15 minutes, and then opened the store, and seized part of the goods; that he then went to plaintiff's house, on Sixth street, about three blocks distant, but found nobody in the house when he got there; that he tried the front door at the foot of the stairs, and found it locked; that he inquired of a bystander, Mr. Hollands, where plaintiff was, and was told that he was there a little while ago; that he told Hollands that he had a writ of replevin for plaintiff's furniture; that he then again rapped at the door, got no answer, and, after waiting a little while, no one appearing, he unlocked the door with a skeleton key, went up to the head of the stairs, again rapped, received no answer, unlocked the door, went into the house, and removed the furniture. The plaintiff gave a different version of the transaction, and the circuit judge instructed the jury that, if they found plaintiff's version of the transaction to be correct, the plaintiff was entitled to recover, but that, if they found the facts as testified to by defendant, and above recited, the verdict should be, "No cause of action." The jury found in favor of the defendant, and plaintiff brings error.

The sole question presented which we deem worthy of discussion is whether, under the facts sworn to by defendant, the breaking and entering was unlawful. 3 Comp. Laws, § 10655, provides as to the manner of service of a writ of replevin, and that the officer, for that purpose, may break open any house, stable, outhouse, or other building in which such property may be concealed, having first demanded the deliverance thereof at the building or place where the same is concealed. By section 752 this chapter of the Compiled Laws is made applicable to pro-

ceedings in justice's court. We think the charge of the circuit judge correctly stated the law. See *Howe* v. *Oyer*, 50 Hun, 559 (3 N. Y. Supp. 726); *Clark* v. *Wilson*, 14 R. I. 11.

The judgment will be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.