## KRUG *v.* HEROD ET UX.

REPLEVIN.—*Pleading.*—*Practice.*—Where an action is brought to recover the possession of personal property, of which, it is alleged, the defendant has possession without right and unlawfully detains, such allegation constitutes the gravamen of the complaint against the defendant, and must be proved to enable the plaintiff to recover.

From the Montgomery Circuit Court.

*R. B. F. Peirce*, for appellant.

*T. H. Ristine*, for appellees.

Howk, C, J.—In this action the appellee Mary P. Herod, the plaintiff below, alleged, in substance, in her complaint, that she was the owner, and entitled to the possession, of twenty-five fattening hogs, of the value of one hundred and fifty dollars, and of two fields of corn, ungathered, of about nineteen acres, of the value of one hundred and fifty dollars, of all which the appellant, William Krug, the defendant below, had possession without right, and unlawfully detained the same from the appellee, in Montgomery county; and that said property had not

Krug *v.* Herod *et ux.*

been taken by virtue of any tax, assessment or fine, pursuant to any statute, nor seized under any execution or attachment against the appellee's property. Wherefore, etc.

To this complaint the appellant answered by a general denial.

The issues joined were tried by a jury, and a verdict was returned for the appellee Mary P. Herod, "that she is the owner, and entitled to the possession, of the hogs and of the corn in controversy, and that the hogs are of the value of $100, and the corn is of the value of $100." The appellant's motion for a new trial having been overruled, and his exception entered to this ruling, the court rendered judgment on the verdict for the appellee Mary P. Herod, that she was the owner of the property in controversy, that it was of the value of two hundred dollars, and that, in case the property could not be had, she recover of the appellant the said sum of money, and her costs.

The overruling of this motion for a new trial is the only error assigned by the appellant in this court. The evidence on the trial is in the record, by a proper bill of exceptions. It is claimed in argument by the appellant's counsel, that this evidence wholly failed to show that the appellant ever had possession of the whole or any part of the property in controversy, with or without right, or that he, either lawfully or unlawfully, detained such property or any part thereof from the appellee, in Montgomery county or elsewhere. Therefore, the appellant's counsel insists that the verdict of the jury in this case was not sustained by sufficient evidence, and was contrary to law. This point is well taken, we think, and is fully sustained and borne out by the record of this cause. The gravamen of the appellee's complaint, in so far as the appellant was concerned, was the allegation therein that he had the possession, without right, of the personal property sued for, and unlawfully detained the same from the appellee, in Montgomery county. This allegation was denied by the

appellant, and the burthen of the issue was on the appellee. The record shows that there was no evidence whatever introduced on the trial which tended, even remotely, to sustain this allegation in whole or in part. In his motion for a new trial, the appellant assigned as causes therefor, that the verdict of the jury was not sustained by sufficient evidence, and that it was contrary to law. It is manifest, we think, from what we have said, that these causes for a new trial were well assigned, and that, for these causes, the appellant's motion for such new trial ought to have been sustained.

In the case of *Baer* v. *Martin*, 2 Ind. 229, the appellant had been sued by the appellee for the recovery of the possession of a certain gray mare, the appellee alleging in his complaint both an unlawful taking and an unlawful detainer of the mare. On the trial below, no evidence had been given in regard to the possession of the mare at any time; and it was held by this court, that, to enable the plaintiff to recover in that case, "it was necessary for him to prove either an unlawful taking or an unlawful detainer." See, also, on the point under consideration, the recent case of *Ridenour* v. *Beekman*, 68 Ind. 236.

The court erred in overruling the motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.