No. 7337.

DAWSON, ADM'X, *v.* SPARKS ET AL.

WRONGFUL CONVERSION OF PERSONAL PROPERTY.—*Execution.*—*Levy.*—
The levy of an execution on personal property, without an actual seiz-
ure of the property by the officer, is an invalid levy; but, if the officer
afterward takes possession of the property, thereafter the levy will be
legal and valid.

REPLEVIN.—*Effect of Judgment in.*—Where personal property levied on
is replevied from the execution creditor and officer by a third person,
and in such replevin suit final judgment is rendered in favor of such
creditor and officer for the return of the property levied on, and re-
mains in force, and thereupon the officer seizes and sells the property
to satisfy the creditor's judgment, such third person can not afterwards
maintain an action against the creditor and officer for the wrongful
taking and conversion of such property.

From the Huntington Circuit Court.

*B. F. Ibach* and — — *Markell*, for appellant.
*J. C. Branyan* and *C. W. Watkins*, for appellees.

HOWK, J.—In her complaint in this action, the appellant,
the plaintiff below, alleged in substance, that, on or about
the 7th day of December, 1877, the appellees, without leave
and wrongfully, took, of and from the appellant, and had
not returned, the following property, to wit, one two-horse
wagon, of the value of eighty dollars, by reason of which,
the appellant said, she was damaged in the sum of one hun-
dred dollars, for which and for other proper relief she de-
manded judgment.

The cause was put at issue and tried by the court, and a
finding was made for the appellees, the defendants below,
and over the appellant's motion for a new trial, and her ex-
ception saved, judgment was rendered against her for the
appellees' costs.

The only error assigned by the appellant is the decision
of the circuit court in overruling her motion for a new trial.

As necessary to a proper understanding of the questions
presented for the decision of this court, we will first give a

summary of the facts of this case, as we gather the same from the record. On the 18th day of December, 1876, the appellee Sparks, by the consideration of a justice of the peace of Huntington county, recovered a judgment against one William D. Dawson for the sum of $108 and costs, on which judgment an execution was issued by the justice, on December 22d, 1876, to one Jacob J. Smith, a constable of said county. By virtue of this execution the constable levied on the wagon described in the complaint, as the property of said William D. Dawson; but, before the constable made sale of the wagon, it was replevied out of his possession by the appellant's intestate, John Dawson, then in full life, who claimed to be the owner, and entitled to the possession of the property. Before the final trial of this action of replevin, the plaintiff therein, John Dawson, died and the appellant, Mahala Dawson, as the administratrix of his estate, was substituted as plaintiff in his stead. The trial of that case at the October term, 1877, of the court below, resulted in a verdict for the defendants therein, and thereon a judgment was rendered in their favor against the plaintiff, the appellant in this action, for their costs, "and that said plaintiff return the property described in the complaint, to wit, one two-horse wagon, to the defendants." On June 21st, 1877, the constable returned said execution, with his levy on said wagon endorsed thereon. No execution was issued on the judgment in the replevin suit, but the appellant paid the costs therein. On June 21st, 1877, the justice issued an *alias* execution on the aforesaid judgment against the said William D. Dawson, to the said Jacob J. Smith, constable, and placed the same in his hands on the same day. In their verdict in the replevin case, the jury found that the said wagon was of the value of seventy dollars.

After the judgment in the replevin suit, in October, 1877, the said William D. Dawson agreed with his mother, the appellant, that she might have the said wagon if she would

pay the said sum of seventy dollars, at which it had been valued, on the said judgment against him, in favor of the appellee Sparks. In accordance with this agreement, the appellant paid seventy dollars on said judgment, on and before November 19th, 1877. On December 15th, 1877, the constable sold the said wagon, under said execution, to the appellee Sparks, for the sum of thirty dollars.

With this general statement of the facts of this case, as shown by the record, we proceed now to the consideration of the points made in argument by the appellant's counsel. Counsel say: "First, we insist that the second assumed levy, made by constable Smith, on the execution issued June 21st, 1877, was no levy." On June 23d, 1877, the constable endorsed on the execution that he had levied on the wagon, but he did not take it into his possession. It may be conceded that this was an invalid levy. It appeared, however, that afterwards, and before the sale of the wagon, the constable perfected his levy by an actual seizure of the property, as he had the right to do. By such seizure of the wagon, the constable's imperfect levy thereon was rendered legal and valid, and the first objection of appellant's counsel thereto was obviated.

But counsel further say: "We insist that the constable, Smith, could not, as he did in this case, return the execution issued December 22d, 1876, after he had been sued in replevin, and return that fact and take out another execution before that suit was determined." Upon this point, the appellant's counsel have cited the case of *Stewart v. Nunemaker*, 2 Ind. 47, and it must be conceded that it would fully sustain their position, if it were applicable to the case now before us. As between the execution defendant and the plaintiff therein, or the constable, it may be true perhaps, that the action of the constable in returning the first execution after the property levied on had been replevied, and in taking out another execution before the replevin

Dawson, Adm'x, *v.* Sparks *et al.*

suit was determined, was irregular and open to objection; and it may be that, upon the application of the execution defendant, this second execution might have been set aside. But the appellant in this case was a stranger to the executions issued, and we fail to see that she was injuriously affected in any manner by the action of the constable, either in returning the first or in taking out the second execution. Certainly, her title to the property levied on, if she had any, was not prejudiced by the acts of the constable, of which she complains.

But, in the replevin suit for the same property, between the same parties, the court below adjudged, as we have seen, that the appellant was not the owner, nor entitled to the possession, of the property, and that she must return the same to the appellees; and this judgment remained in full force, and had not been appealed from, annulled or set aside. It is clear, therefore, that the appellees were entitled to the possession of the property in controversy, as against the appellant. It is claimed, however, by the appellant's counsel, as we understand their argument, that the appellees' only remedy was to sue out an execution on the judgment, in the replevin suit, for the return of the property, and that, if they could not thus obtain the possession of the property, they must then resort to a suit on the replevin bond. Doubtless, these statutory remedies were open to the appellees, if they had seen fit, or had been compelled, to resort to them. But after the judgment, in the replevin suit, had been decided in their favor, the appellees found and took possession of the property, which, under said judgment, they were clearly entitled to, and the appellant was ordered to return to them; and they then proceeded to, and did, sell said property under said second execution, to the appellee Sparks.

After such sale, the appellant commenced this suit against the appellees to recover damages for the alleged wrongful taking and conversion of the property in controversy. Up-

on the case made by the evidence in the record, we are of the opinion that the appellant has failed to show that she was the owner of such property, or entitled to its possession, at the time this suit was commenced. We do not think that the irregularities complained of, conceding them to be such, in the return of the first and issue of the second execution, and in taking possession of and selling the property in controversy, after the rendition of the judgment, in the replevin suit, awarding the return thereof, without a writ for such return, would vitiate or avoid the title of the appellee Sparks to such property, or his right to its possession. Nor do we think, that these irregularities, if such they were, gave the appellant, as against the appellees, any cause of action for the recovery of damages, for their alleged wrongful taking and conversion of the property. Our conclusion is, that the court did not err in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.