Louthain *v.* Fitzer.

---

No. 8634.

LOUTHAIN *v.* FITZER.

| 78 | 449 |
| 154 | 229 |

REPLEVIN.—*Evidence.*—*Possession.*—To sustain replevin the evidence must show that the defendant was in actual or constructive possession of the property at the time of the commencement of the action.

---

Louthain *v.* Fitzer.

---

SAME.—*Sheriff.—Execution.—Delivery Bond.—Demand.—Demurrer to Evidence.*—In replevin against a sheriff evidence that the property belonged to the plaintiff, and was levied upon under an execution against his father; that the sheriff then took from the plaintiff a delivery bond and permitted the property to remain on the farm where he resided; and that afterwards the plaintiff formally demanded and was refused a return of the property to him, is sufficient on demurrer to sustain the action.

From the Cass Circuit Court.

*D. C. Justice* and *D. B. McConnell,* for appellant.
*D. P. Baldwin* and *D. D. Dykeman,* for appellee.

NIBLACK, J.—Action of replevin by Henry C. Fitzer against William P. Louthain, for the recovery of several horses, a crop of wheat in stacks, a crop of oats in shocks, and a crop of corn growing in the field.

Answer in general denial.

After a jury had been empanelled, and the evidence for the plaintiff was closed, the defendant demurred to the evidence, and the jury were discharged. The court overruled the demurrer to the evidence, adjudged the plaintiff to be the owner of the property in controversy, made an estimate of its value, and rendered a judgment for its recovery against the defendant.

Error is assigned only upon the decision of the court overruling the demurrer to the evidence.

It was made to appear by the evidence that at the time of, and previous to, the commencement of this action, the defendant was the sheriff of Cass county; that as such sheriff he had levied on the property in dispute as the property of one John Fitzer, the father of the plaintiff, upon an execution in his hands against him, the said John Fitzer; that, upon making such levy, the defendant had taken from the plaintiff a delivery bond for the property, and had thereupon permitted all the property to remain on the farm upon which the plaintiff resided; that, after his execution of the delivery bond, the plaintiff formally demanded a return of the property to him, but the defendant refused to return the same, or

any part of it.   The evidence, also, fully established the ownership of the plaintiff in the property.

The only question presented in this case is, Did the evidence show such a taking and detention of the property as were necessary to enable the plaintiff to sustain this action?

It is an elementary principle, as applicable to actions of replevin, that the defendant must have been either in the actual or constructive possession of the property at the time of the commencement of the suit.  *Krug* v. *Herod*, 69 Ind. 78 ; Morris Replevin, 191.   But what constitutes sufficient evidence of such possession?

Wells on Replevin, at section 54, says: "Proof of any unlawful taking or control of the goods of another is sufficient to sustain an allegation of taking, without proof of an actual forcible dispossession of the plaintiff."

Further on, at section 142, the same author says : "Where the defendant was an officer who had levied on property, but did not remove it, the defendant in the execution who still retained the goods, will not be permitted to sustain replevin against the officer, as the possession was still in himself; but when an officer levies on goods, and takes an inventory, and directs a receiptor to prevent their removal, he has a sufficient possession to enable the owner to sustain replevin.   And such a taking is sufficient ground on which to base an action against the officer."

In *Latimer* v. *Wheeler*, 3 Abb. App. Dec. 35, it is said that, "In an action for possession of personal property, it is not necessary to show that defendant had possession in fact when the action was brought.   If he had been previously in possession, and was present at the time of a demand on, and refusal by, another person, at the place where the goods were, he can not defend on the ground that he had parted with the possession to such person.   Any unlawful interference with the property of another, or exercise of dominion over it, by which the owner is damnified, is sufficient to maintain the action."

These authorities, which appear to be well supported by other decided cases, fully sustain the court below in over-

ruling the demurrer to the evidence, and in rendering judgment upon the evidence against the defendant. *Allen* v. *Crary,* 10 Wendell, 349; *Fonda* v. *Van Horne,* 15 Wendell, 631; *Knapp* v. *Smith,* 27 N. Y. 277.

The judgment is affirmed, with costs.