Hadley *et al. v.* Hadley.

No. 9121.

·HADLEY ET AL. *v.* HADLEY.

REPLEVIN.—*Execution.—Sheriff.—Possession.* — Where a sheriff levies on goods of another than the defendant in the execution, and upon receiving a delivery bond from the owner (without provision therein that the debtor may sell the goods and apply the value on the execution) leaves them in his possession, the sheriff still has such constructive possession as will justify replevin under the statute, R. S. 1881, section 1266, and it is error in such case to instruct the jury that if the possession was not in the sheriff when the suit was begun the verdict should be for the defendant.

SAME.—*Fraud.*—If one combine with another to defraud the creditors of the latter, it does not result that the property of the former is subject to execution against the latter.

VERDICT.—*Interrogatories.*—A jury can only be required to answer interrogatories in case they find a general verdict, without instruction as to the party in whose favor it shall be.

EVIDENCE.—*Assessment List.—Ownership of Property.—Declarations.—Assessor.* —Where the assessment list of a husband is put in evidence, showing property, claimed in the suit by his wife, to have been listed by the husband in his own name, with a view to contradict his testimony as a witness given on the trial, it is proper in his support to show by the assessor that at the time of making the list he stated that his wife owned the property.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellee.

MORRIS, C.—This is an action of replevin brought by the appellee against the appellants.

The complaint states that the appellee is the owner and entitled to the possession of certain personal property, which is particularly described in the complaint, and alleged to be of the value of $880. It is also stated that John M. Emmons, as sheriff of Hendricks county, Jesse Hadley and John Atkinson have possession of said property without right, and unlawfully and wrongfully detain the same from the appellee. Judgment for the recovery of the possession of said property and fifty dollars damages for its detention is demanded. A proper affidavit and bond were filed by the appellee.

The appellants answered the complaint in three paragraphs. The first was a denial of the facts stated in the complaint and affidavit, and as, under this paragraph, the facts alleged in the special paragraphs were provable, no further notice will be taken of the answer.

The cause was submitted to a jury for trial, who returned a verdict for the appellee.

The appellants moved the court for a new trial. The motion was overruled, and judgment rendered for the appellee. The errors assigned are as follows:

" 1. The court erred in overruling the appellants' written request that, if the jury should find a general verdict for the appellee, they should find who was in the possession of the property claimed by the appellant at the commencement of the suit.

" 2. The court erred in overruling the appellants' motion for a new trial.

" 3. The court erred in refusing to charge the jury as requested by the appellants."

No question is presented for decision under the first and third assignments. If the court refused to require the jury to answer the interrogatories as to the possession of the property in controversy, or refused to instruct the jury as requested by the appellants, such refusal, if the request was in proper form, or the instructions asked should have been given, would be a sufficient reason for a new trial, and if there was error in such refusal, it could only be taken advantage of by a motion for a new trial.

The grounds upon which a new trial was asked are as follows:

" 1. Because the court erred in permitting Hugh Jessup to contradict his assessment list of the property of Amos Hadley, made by him in the year 1879, by stating that the property specified therein, consisting of two mares, 63 head of sheep, 7 head of hogs, a cow and calf, a lot of hay, was the property of Sallie Hadley, and that Amos Hadley so told him at the time of listing said property.

"2. Because the court erred in allowing Hugh Jessup, the assessor of Guilford township, under his affirmation, to contradict the assessment list by him made out, and affirmed to by Amos Hadley, in the year 1880, containing a list of the taxable property of Amos Hadley, for the year 1880.

"3. Because the court erred in refusing to give each and all of the instructions requested by defendants, numbered 1, 2, 5 and 6.

"4. Because the verdict of the jury is not sustained by sufficient evidence.

"5. Because the verdict of the jury is contrary to law.

."6. Because the court erred in refusing to require the jury, if they found a general verdict for the plaintiff, they should then find specially to interrogatories or questions numbered 1, 2, and 3."

There was no error in permitting the witness Jessup to testify as to the statements made by Amos Hadley at the time he listed his property. Assuming that the assessment list was properly admitted in evidence, as containing statements contradictory of the testimony of Amos Hadley, as a witness in the case for the appellee, what he said at the time of making the list as to his ownership of the property, was clearly competent. His statement then made to the assessor, Jessup, that his wife, the appellee, owned the property listed, supported or tended to sustain his testimony as given on the trial, and was, for this purpose, clearly competent. This disposes of the first and second reasons upon which a new trial is asked.

The third ground for a new trial is the refusal of the court to give instructions 1, 2, 5 and 6, asked by the appellants. These instructions are as follows:

"1. If the jury are satisfied from the evidence given on the trial of this cause, under the issues in said cause, that the property claimed by the plaintiff as his property was not, at the time of the commencement of this suit, in the possession of the defendants, then the jury should find a verdict in favor of the defendants and against the plaintiff.

" 2.. If the jury are satisfied from the evidence given in the cause, that the personal property described in the complaint and affidavit of the plaintiff was not, at the time she commenced her suit, in the possession of said defendants, but was then in the possession of the plaintiff and her husband, Amos Hadley, or either of them, then and in that case you ought to find a verdict in favor of the defendants against said plaintiff, and also find the value of the property sought to be replevied.

" 5. The court will further charge the jury that if, from the evidence given in this cause, they are satisfied that the property claimed and sought to be replevied by the plaintiff was not in the possession of the defendants at the date of the commencement of this suit, then .and in that case the jury will find the value of the property and need not find any verdict as to who was the owner of said property or any part thereof at the time of the commencement of the suit.

" 6. If the jury believe, from the evidence given in the cause, that the plaintiff and her husband (Amos Hadley) did combine and confederate together to hinder and delay or to prevent the defendants Jesse Hadley and John Atkinson, from collecting their judgment off of her husband, Amos Hadley, or any part thereof, then and in that case you ought to find in favor of the defendants, as fraud vitiates all contracts."

The testimony showed, or tended strongly to show, that the property in dispute belonged to the appellee; that the appellant Emmons, having in his hands as sheriff of Hendricks county, an execution issued out of the Hendricks Circuit Court, on a judgment against Amos Hadley, the husband of the appellee, in favor of the appellants Jesse Hadley and John Atkinson, by their direction levied the execution upon the property in dispute, endorsed a schedule of the property levied upon on the back of the execution; that he did not remove the property, but left it where he found it, upon the execution of a delivery bond by the appellee and her husband; that the property was thus in their possession at the time the suit was commenced. Under these circumstances, according to the

Hadley *et al. v.* Hadley.

principles held in the case of *Louthain* v. *Fitzer*, 78 Ind. 449, the appellants had such constructive possession of the property as would enable the appellee to maintain this action.

In view of the testimony, we think the first and second instructions asked were properly refused.

The jury would understand the word "possession," as used in these instructions, to mean the actual possession, and as not embracing that constructive possession which, in the case just referred to, is held to be a sufficient basis to support this action. We think the instructions misleading, and not, in the sense in which they would have been understood by the jury, applicable to the facts proven in the cause.

There was no error in refusing the fifth instruction asked by the appellant. It said to the jury, by the clearest implication, that, if satisfied from the evidence, that the appellants were not in the possession of the property, their verdict should find, not even that fact, but only the value of the property in dispute. Such a verdict would have been altogether defective. Nor did the court err in refusing to give the sixth instruction asked by the appellants. It does not follow that, as is assumed by this instruction, if the appellee had combined with her husband to hinder and delay the appellants in the collection of their judgment, they could, therefore, rightfully levy upon and sell the property of the appellee for the satisfaction of their demand.

We think there was no error in refusing to grant a new trial on the ground that the verdict was not sustained by sufficient evidence, and was contrary to law.

The evidence tended to show that the property in dispute belonged to the appellee; that it had been taken by the appellants on an execution against Amos Hadley, the husband of the appellee; that after the property was so levied upon, the sheriff, Emmons, took from the appellee and her husband, the execution debtor, a bond for its safe-keeping and delivery to the sheriff at any time upon demand.

The taking of this bond was itself an assertion of a power

over and right in the property levied upon, and by the terms of the bond this power and right of control are continued and secured.   By the terms of the bond, Amos Hadley, the only party legally bound, held the property for the appellants, to be surrendered to the sheriff at any time upon demand. Through this bond the sheriff continued to assert his power and control over the property in dispute, the possession of which he had a right to resume at his will.   It may be noticed in this case that the bond does not, as is usually the case, give the debtor, Amos Hadley, the right to dispose of the property, by applying the proceeds or its value upon the execution.

The facts in this case are substantially the same as in the case of *Louthain* v. *Fitzer, supra,* to which, and the authorities there cited, we refer.   Section 128 of the code, which gives the owner or claimant of property, taken on execution or attachment against another, the right to bring an action for its possession, may be regarded as a proceeding to try the right of property as between the parties, and not merely as a remedy for the recovery of actual possession of it. The actual possession may be secured by a delivery bond, but the contention as to the right of possession remains.   So far as possession in the officer may be deemed necessary in order to try, in this form of action, the right of property, there seems to be great propriety in holding that the officer, who has taken a bond for the delivery of the property, is still constructively in possession of it, unless it shall be shown that through the acts of the obligor or party entrusted with possession of it, it has passed beyond and out of the officer's power and control.   The verdict was, we think, supported by sufficient evidence, and was not contrary to law.

The court did not err in refusing a new trial on the ground that it had erred in refusing to require the jury to answer the interrogatories propounded by the appellants.   Assuming that the interrogatories are properly in the record, yet the request was not in proper form.   The request was not that the court should require the jury, in case they should find a

general verdict, to find specially in answer to the interrogatories, but to require the jury, in case they should find a general verdict for the appellee, to answer specially, etc. It would have been error to comply with this request. *Pitzer* v. *Indianapolis, etc., R. W. Co.,* 80 Ind. 569. There was no error in refusing to comply with such a request.

This disposes of all the questions in the record. The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.