Filed March 12, 1884.

---

No. 10,963.

## TEEPLE v. DICKEY.

REPLEVIN.—*Judgment on Dismissal.*—*Possession.*—A replevin suit before a justice was dismissed for want of a sufficient bond, and a judgment of return rendered, the plaintiff having had the property delivered to him by virtue of the writ. Without first restoring the property the plaintiff began another suit.

*Held*, that when the second suit was begun the property was constructively in the defendant's possession.

COSTS.—*Witnesses.*—*Change of Venue.*—Where witnesses are subpœnaed and attend before a justice of the peace, but are not used because of a change of venue taken by the defendant, the costs thereof are taxable to the defendant where he is the losing party.

SAME.—*Practice.*—The Supreme Court will not consider the action of the court below in refusing to tax the fees of certain witnesses of the appellee to him, where the record does not show that fees were claimed by such witnesses or taxed at all.

From the Fulton Circuit Court.

*H. R. Robbins* and *J. L. Cook,* for appellant.
*M. A. O. Packard* and *O. M. Packard,* for appellee.

HAMMOND, J.—Action of replevin by the appellee against the appellant, commenced before a justice of the peace in Marshall county. A change, on the appellant's motion, was taken to another justice, before whom the trial resulted in a judgment for the appellee. The appellant appealed to the Marshall Circuit Court, and thence, on his motion, the venue was changed to the court below, where, upon a trial by the

court, there was also a finding and judgment for the appellee. The appellant's motion for a new trial, on the ground that the finding was not sustained by sufficient evidence, was overruled; an exception was taken; and this ruling is assigned for error.

The following facts were established by the evidence: The property in controversy, a mare and one set of double harness, while owned by and in the possession of the appellee, were wrongfully and forcibly taken from him by the appellant. The appellee filed before a justice of the peace a complaint and bond for the recovery of the property, and on the writ issued by the justice the property was restored to the appellee. The parties appeared before the justice, and on the appellant's motion the case was dismissed because of the insufficiency of the bond.

The appellee then commenced the present action by filing another complaint and bond for the recovery of the property. Another writ of replevin was issued and placed in the hands of the constable. The appellee, accompanied by the constable, went to the appellant with the property, returned it to and then demanded it of him. The demand being refused, the constable, under the second writ, again restored the property to the appellee.

It is claimed by the appellant's counsel that the evidence fails to show that the appellant had possession of the property when the present action was commenced, and that for this reason the finding of the court was erroneous.

It is true that to maintain an action of replevin the evidence must show that the defendant was in possession of the property at the time of bringing the suit. The possession, however, need not be actual. Constructive possession by the defendant is sufficient. *Louthain* v. *Fitzer*, 78 Ind. 449; *Hadley* v. *Hadley*, 82 Ind. 75.

In a replevin action before a justice of the peace, if the case is dismissed, the justice renders judgment for the return of the property to the defendant. Section 1550, R. S. 1881.

The appellant, in the first instance, obtained unlawful possession of the property.   The judgment on the dismissal of the suit did not determine the question of ownership.   It simply placed the parties *in statu quo,* leaving their legal rights to be ascertained the same as if the dismissed suit had not been commenced.   The judgment on the dismissal for the return of the property to the appellant placed it constructively in his possession.   It was necessary for the appellee to bring another action to establish his ownership and right of possession.   This we think he might do without first restoring the actual possession to the appellant.   The finding of the court for the appellee was correct.

Before the appellant took a change from the first justice before whom the present action was commenced, the appellee had a number of witnesses summoned for the time fixed for the trial.   On account of the change the witnesses, of course, were not used at that time. The appellant moved in the court below to have the costs of these witnesses taxed to the appellee.   The motion was properly overruled.

The appellant also moved that the fees of certain witnesses summoned in the court below by the appellee be taxed to him.   This motion was overruled.   It is sufficient to say in vindication of the ruling, that it does not appear that the fees of these witnesses were taxed to the appellant, nor, in fact, that they were claimed by the witnesses.   A party will not be heard in this court to complain of the rulings of the trial court without showing affirmatively by the record, that he was in some way harmed thereby.

Judgment affirmed, at appellant's costs.

Filed March 11, 1884.