The Standard Oil Company v. Bretz et al.

Filed Nov. 13, 1884.

———◆———

No. 11,348.

THE STANDARD OIL COMPANY v. BRETZ ET AL.

REPLEVIN.—*Possession.*—*Evidence.*—Replevin can not be maintained unless the evidence shows actual or constructive possession of the property in the defendant when the suit was commenced.

SAME.—*County Treasurer.*—*Levy for Taxes.*—A mere paper levy by a county treasurer on chattels, for delinquent taxes, without taking actual possession, or putting some one in charge, or taking a delivery bond for it, is not a possession by him which will sustain replevin against him.

SAME.—*Evidence.* — *Tax Duplicate.*—*Copy.*—The copy of the tax duplicate

retained by the county auditor is admissible as the original delivered to the treasurer; it is not a copy in the ordinary sense—both are the same.

SUPREME COURT.—*Harmless Error.— Instructions.*—Where the verdict is clearly right upon the evidence, the statute, section 658, R. S. 1881, forbids a reversal of the judgment for error either in giving or refusing instructions.

From the Dubois Circuit Court.

*G. W. Cooper*, *C. B. Cooper* and *O. A. Trippett*, for appellant.

*W. A. Traylor*, *W. S. Hunter*, *E. A. Ely* and *J. L. Bretz*, for appellees.

BICKNELL, C. C.—The appellant brought this suit against the appellees to recover the possession of certain staves and damages for their unlawful detention. The complaint was, in the common form. The defendant Bretz was the treasurer of Dubois county, and the defendant Chandler was his deputy. They answered the complaint jointly by a general denial. The issue was tried by a jury in September, 1883, who returned a verdict for the defendants. A motion by the plaintiff for a new trial was overruled, and judgment was rendered upon the verdict. The plaintiff appealed.

The error assigned is overruling the motion for a new trial. The seventh reason for a new trial is not discussed in the appellant's brief. It is therefore regarded as waived. The fourth, fifth and sixth reasons for a new trial are, that the verdict is contrary to the law and the evidence. The action for replevin can not be maintained unless the evidence shows that the defendant at the time of the commencement of the suit was in the actual or constructive possession of the property. *Krug* v. *Herod*, 69 Ind. 78; *Louthain* v. *Fitzer*, 78 Ind. 449.

Americus J. Hubbard testified: "The Standard Oil Company owned the staves. They were piled upon a lot owned by me. They are still there, stacked on the ground, and were when the suit was brought. I leased the lot to the Standard Oil Company; the staves were in my possession as agent of the plaintiff. They are not bucked; by bucking is meant

dressing on each side. The defendants levied upon them,, and had them in possession when the suit was brought. What I mean by the defendants taking possession of these staves before the suit was brought is this: The defendant Chandler came there, and said he attached them for taxes; he did not move them, and did not leave any one in possession of them. He told me that I must not take them away,, and he afterwards tried to sell them. The staves are there now and have been all the time."

James H. Chandler testified: "I made a levy on the staves in controversy, and took them into my possession. I just levied on them and let them stand as they were. I was collecting taxes for the defendant Bretz, as deputy treasurer."

In answer to questions by the court this witness said : "What I mean by taking possession of the staves is this: I made a memorandum of the levy, and then went off collecting other taxes. I endorsed the levy on the tax-book; that is what I call possession. Hubbard told me that if any of them were stolen I would be responsible for them. I notified him not to move them, and I advertised them for sale under the levy. This suit was brought before the day of sale, and I did not sell."

The defendant Bretz testified: "I am treasurer of Dubois county. I ordered my deputy to levy on these staves; I never saw them until after suit was brought."

It was proved that McGregor & Hubbard's delinquent taxes were $155.14, and that the value of the staves was $2,000. The return of the levy was as follows:

"August 8th, 1883. I demanded payment of McGregor & Hubbard the amount of taxes and costs, and being refused payment, I then levied upon one hundred thousand, more or less, rough staves. WILLIAM H. BRETZ, T. D. C.

"By JAMES W. CHANDLER, Deputy."

The duty of a county treasurer in regard to a levy on chattels is prescribed by section 6429, R. S. 1881, as follows : "When the county treasurer levies upon personal property,

the delinquent may retain the possession of such personal property for sixty days, and until the day of sale, by giving" bond, etc. "If such bond be not given he shall cause the property to be removed from the place the same is levied on, and to be stored in some secure place in his own name as treasurer." In regard to levies in general, the rule is that possession must be taken when personal property is levied on.

In *Dawson* v. *Sparks*, 77 Ind. 88, this court said: "The constable endorsed on the execution that he had levied on the wagon, but he did not take it into his possession. It may be conceded that this was an invalid levy."

In Freeman on Executions, section 260, we find the following: "In all cases, there must be something more than a mere pen-and-ink levy. It is not sufficient that the officer merely makes an inventory of the property, and endorses the levy upon his writ."

In Wells on Replevin, section 142, it is said: "Where the defendant was an officer who had levied on property, but did not remove it, the defendant in the execution who still retained the goods, will not be permitted to sustain replevin against the officer, as the possession was still in himself; but when an officer levies on goods, and takes an inventory, and directs a receiptor to prevent their removal, he has a sufficient possession to enable the owner to sustain replevin." This statement was cited with approbation by this court in *Louthain* v. *Fitzer, supra.*

The evidence shows that the officer in the present case made a mere pen and ink levy; he took no possession of the property; he did not remove it; he took no receipt for it; he left no one in charge of it; he made no inventory; he left it exactly as he found it in possession of the plaintiffs. His claim was for $155.14, and he pretended to levy on $2,000 worth of staves, when evidently enough of them to satisfy his claim might readily have been removed, as the statute required. The verdict for the defendants was not contrary to

the law or the evidence, because the defendants never had the possession of the staves, either actually or constructively.

The first reason for a new trial is, that the court admitted in evidence a certain book and permitted the county auditor to testify that said book was a copy of the tax duplicate of the county. The auditor testified: "This is the tax duplicate of 1882; that is the copy of duplicate in my office, which I, as auditor of Dubois county, delivered to the treasurer of Dubois county."

The appellant objected, that said book " nowhere appeared upon its face to be a copy of the original," and that it was not certified by the auditor to be a copy.

Section 6493, R. S. 1881, provides that, "In such suits and in all other suits, for any purpose of evidence or authentication, the records made by the county auditors respecting delinquent lands, the manner of advertisement of sales thereof, the sales made of the same, the conveyances thereof executed, and all copies of such records, or of any other papers required by this act to be made out, duly certified to be such by the proper county auditor under his seal of office, shall be received as *prima facie* evidence of the facts contained therein." The auditor of each county is required to make out a duplicate list of taxes assessed in said county. R. S. 1881, section 6417. And he is required by section 6422, R. S. 1881, to cause a copy of such duplicate to be delivered to the treasurer of his county. The statute does not require the duplicate thus delivered to the treasurer to be certified as a copy. Where a duplicate list is made out, each of the lists has all the force and effect of an original instrument, and differs in that respect from a mere copy; the duplicate delivered to the treasurer is like a writ in the hands of the sheriff, and, if legal on its face, authorizes him to act upon it. When the auditor testified, " This is the tax duplicate of 1882; this is the copy of duplicate in my office which I, as auditor of Dubois county, delivered to the treasurer of Dubois county," it was equivalent to saying, " I made a duplicate list of the taxes

and delivered one of the duplicates to the treasurer, and this is the one so delivered." There was no error in admitting in evidence the duplicate thus proved.

The remaining reasons for a new trial allege error in giving and refusing instructions. As to the refusal of instructions, the record does not affirmatively show that all of the instructions given are in the record, and, therefore, does not exclude the presumption that the instructions refused, even if correct, were embodied in some other instruction given either verbally or writing. *Puett* v. *Beard*, 86 Ind. 104. But the verdict being right upon the evidence, the judgment could not be reversed for error either in giving or refusing instructions. *Musselman* v. *Pratt*, 44 Ind. 126; *Simmon* v. *Larkin*, 82 Ind. 385; R. S. 1881, section 658.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Nov. 13, 1884.