Fruits *et al. v.* Elmore.

No. 901.

## FRUITS ET AL. *v.* ELMORE.

REPLEVIN.—*Answer of Property in Third Person.—Sustaining Demurrer to.—Harmless Error.—General Denial.*—In an action of replevin, it is not available error to sustain a demurrer to a paragraph of answer which only amounts to an answer of property in a third person, such fact being provable under the general denial.

SAME.—*Possession Must be Shown.*—Replevin can not be maintained unless the evidence shows the actual or constructive possession of the property in the defendant at the time when the suit was instituted.

SAME.—*Evidence.—Judgment.—Execution.—Constable.*—In such case, the suit being against a constable, among others, who had levied an execution on the property in question, the judgment and writ of execution are admissible in evidence as tending to show the right of possession.

JUDGMENT.—*Voidable.—Collateral Attack.*—In an action for work and labor performed, on a demand for $3, the jury returned a verdict as follows: "We, the jury, find for the plaintiff," upon which the court rendered judgment for plaintiff for $3 and for costs of suit, taxed at $14.75.

*Held,* that the judgment was merely voidable and not void, and could not be collaterally attacked.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter,* for appellants.

*G. W. Paul* and *M. W. Bruner,* for appellee.

LOTZ, J.—The appellee was the plaintiff and the appellants the defendants in the court below. The action was to recover the possession of a certain horse. There was a trial by jury, and the appellee had judgment in her favor against all the appellants. The appellants have severally assigned errors in this court. The first error discussed by counsel is that the court erred in sustaining a demurrer to the second paragraph of the separate answer of Noah Fruits. In this paragraph, said appellant pleaded, that he was the duly qualified and act-

ing constable of Ripley township, in Montgomery county, and that a writ of execution was duly issued and delivered to him by John L. Hankins, a justice of the peace of said township, on a judgment duly made and given in favor of one Jacob Elmore, and against one James Elmore; that as such constable he levied said writ upon the property described in the complaint as the property of said James Elmore, and that the same was the property of said James Elmore. There was no error in sustaining a demurrer to this answer. It is only equivalent to an answer of property in a third person. It is well settled that where the real defense in replevin is property in a third person, such defense may be given under the general denial. *Branch* v. *Wiseman,* 51 Ind. 1; *Lane* v. *Sparks,* 75 Ind. 278.

The next assignment of error discussed by counsel is the overruling of the motion for a new trial. On the trial the appellants, after sufficiently identifying the same, offered in evidence a judgment rendered by the appellant, John L. Hankins, as a justice of peace of Ripley township, in the case of Jacob Elmore against James Elmore, and a writ of execution issued thereon by the appellant, John L. Hankins, as such justice of the peace, which was levied upon the property in controversy by the appellant, Noah Fruits, as constable of said township. This evidence was excluded over the objection of the appellants. Replevin is a mere possessory action. Title to the property is usually but an incident in determining the right to possession. It may, or may not, be a controlling circumstance. One person may have the title and another have the right to the possession. Usually title is a strong circumstance tending to show the right of possession. In the case in hearing, it was proper, under the issues for the appellants, to show that the horse was the property of James Elmore, and that the posses-

sion under the writ and judgment was lawful and right. The general issue admits any evidence relevant to the right of possession, asserted by the plaintiff, including evidence of a right of possession in the defendant, or even in a stranger. *Smith* v. *Harris*, 76 Ind. 104. Appellee, however, contends that the judgment on its face is a nullity, and that it conferred no rights upon appellant Hankins, to issue an execution, and that the writ affords no protection to the other appellants in making the levy. The judgment offered in evidence shows that it was an action on account for work and labor done, in which a judgment in the sum of $3 was demanded. There was a trial by jury, and a verdict as follows: "We, the jury, find for the plaintiff." Upon this verdict the justice rendered judgment in favor of the plaintiff in the sum of $3 and costs of suit, costs taxed at $14.75. The writ was issued for $3 with interest, and for $14.75 costs. This writ was levied upon the property in controversy.

It has often been decided that where there is a mere finding for the plaintiff, without any assessment of damages, no judgment can properly follow. *Cincinnati, etc., R R. Co.* v. *Washburn*, 25 Ind. 259; *Trout* v. *West*, 29 Ind. 51; *Mitchell* v. *Geisendorff*, 44 Ind. 358; *Nicholson* v. *Caress*, 76 Ind. 24; *Bunnell* v. *Bunnell*, 93 Ind. 595.

If a judgment is a nullity, the party against whom it is rendered may assail it whenever and wherever it confronts him. But is the judgment offered in this case a nullity? In the cases above cited, there was a direct attack upon the judgments, here the attack is a collateral one. We do not consider the judgment offered in evidence as being absolutely void. The justice had jurisdiction of the subject-matter, and of the person of the judgment defendant. The judgment rendered by him was erroneous but not void. It was sufficient to support

an execution until set aside. A constable or sheriff, as a general proposition, is not bound to look beyond the face of the writ delivered to him to execute. If it is legal on its face, he is bound to execute it, and he can plead it as a justification, though the proceedings before the magistrate, which led to the issue of the writ, are illegal. But the rule is different where the suit is against the person who procures, or the justice who issues the writ on such void proceedings. *Ewing* v. *Robeson*, 15 Ind. 26; *Rutherford* v. *Davis*, 95 Ind. 245; *Davis* v. *Bush*, 4 Blackf. 330.

The judgment here being merely voidable, the constable had the right to levy the same on the property of the judgment defendant. Of course if the constable levied it upon the property of appellee, neither the judgment nor the writ afforded him any protection. The right to the possession was the issue to be determined. There was some evidence which tended to show that James Elmore was the owner of the horse. This being true, the judgment and writ were proper evidence to go to the jury to show the right of possession under said levy.

Again, there is no evidence in the case which tends to show that the appellant, John L. Hankins, ever had the actual or constructive possession of the property. The only connection he had with the case was to issue an execution against the property of James Elmore. He gave no command to levy it upon the particular property in controversy. Replevin can not be maintained unless the evidence shows the actual or constructive possession of the property in the defendant at the time when the suit was instituted. *Standard Oil Co.* v. *Bretz*, 98 Ind. 231; *Louthain* v. *Fitzer*, 78 Ind. 449; *Krug* v. *Herod*, 69 Ind. 78.

Judgment reversed at the costs of appellee, with instructions to sustain the motion for a new trial as to all the appellants.

Filed Sept. 21, 1893; petition for rehearing overruled Nov. 28, 1893.