OWENS ET AL. *v.* GASCHO.

[No. 18,709.   Filed February 20, 1900.]

INSOLVENCY.—*Principal and Surety.*—*Transfer of Property to Surety.* —An insolvent may prefer and save harmless a surety on a note by transferring to him personal property, unless such transfer is made with fraudulent intent and purpose to cheat, hinder, and delay creditors.   *p. 228.*

FRAUD.—*Must be Found as a Fact.*—*Fraudulent Conveyances.*—Where fraud is essential to a recovery or a defense, it must, where there is a special finding or special verdict, be found as a fact, and a finding that property worth $800 was transferred by an insolvent to his surety on a note, for $200 less than the value, is not equivalent to a finding that the sale and transfer was fraudulent.   *p. 228.*

SALES.—*Bill of Sale.*—*Record.*—A bill of sale evidencing the sale of personal property need not be recorded where the property is delivered to the purchaser.   *p. 228.*

INJUNCTION.—*Replevin.*—Injunction, and not replevin, is the proper

remedy of one holding property under bill of sale from the judgment debtor to prevent a sale of the property on execution, where the property after levy was left in the possession of plaintiff without any bond, undertaking, or agreement for the return of the property. *pp. 229, 230.*

From the Tipton Circuit Court. *Affirmed.*

*I. W. Christian, W. S. Christian* and *R. B. Beauchamp,* for appellants.

*A. F. Shirts, L. S. Baldwin, S. D. Stuart* and *C. G. Reagan,* for appellee.

Monks, J.—This action was brought by appellee against appellants to enjoin the sale of certain personal property on execution. The court made a special finding of facts, and stated conclusions of law thereon in favor of appellee, and judgment was rendered thereon enjoining the sale of said personal property.

The errors assigned, and not waived by a failure to argue the same, are: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in its conclusions of law. It is not necessary to consider the first error assigned, for the reason that the same questions are also presented by the second.

It appears from the special finding that on August 4, 1897, one Jerry Klotz executed his promissory note to a bank in Noblesville, payable in sixty days from date, for a loan of $600, with appellee, Gascho, as surety, and at the same time he executed a bill of sale to said Gascho on twelve head of mules, to secure the latter from loss on account of said suretyship. When said note became due, Klotz and Gascho executed another note for the same amount, and the first note was canceled. Before said renewal note fell due, Klotz became insolvent, and on November 29, 1897, sold, by a bill of sale in writing, said twelve head of mules to Gascho, who assumed the payment of the said note for $600, as the purchase price for said mules, and paid the same when it fell due, in accordance with said agreement. The mules were delivered to said Gascho on November 30, 1897,

and he, on the same day, removed them to his premises, where they have ever since remained. Neither one of said bills of sale was ever acknowledged before any officer, or ever recorded. On December 3, 1897, appellants, Worman, Chamberlain, Black, and Davis, recovered judgment in the Howard Circuit Court against said Klotz, for $1,632.20, on which there was paid $716.98 December 15, 1897. Said appellee, Gascho, was not a party to said judgment, and was in no way bound for its payment, or any part thereof. Afterwards appellant, James A. Owens, as sheriff of Hamilton county, levied an execution, duly issued on said judgment, on said twelve mules as the property of said Klotz. All of said mules were in the possession of appellee when said levy was made, and were duly appraised at $630 and advertised for sale by said sheriff on December 31, 1897. On December 23, 1897, appellee obtained a temporary restraining order against said sheriff, which prevented the sale of said property as advertised. The reasonable value of said mules when sold to said appellee was $800. Mules sell most readily and for a better price in the market at five years of age and older, and said mules at the time of the sale as advertised by the sheriff were only from two to four years old, and were not of sufficient age to sell most readily, and for the best price in the market. Said mules are now, and were on December 3, 1897, owned by appellee, and he had prepared and had in store a sufficient amount of clover hay and corn to feed them until the next spring, when they could have been sold for better prices and to a better advantage to him. At the time of the levy by the sheriff said mules were in the possession of appellee, and said officer took possession of said mules, but did not remove them from the premises of appellee, and did not take or require any receipt or bond from appellee, or any other person, for the safe-keeping of said mules and the return of the same when demanded. The sheriff informed appellee that he would leave said mules in his possession until sold under said levy.

The mules have ever since said day remained in the stable of, and on the premises of, appellee, where they were when the levy was made.

Klotz, although insolvent, had the right to prefer and save harmless appellee as his surety, and unless the sale of said mules was made with the fraudulent intent and purpose to cheat, hinder, and delay the creditors of said Klotz, and appellee had knowledge of such intent, it cannot be set aside. *Rownd* v. *State*, 152 Ind. 39; *Levering* v. *Bimel*, 146 Ind. 545; *Straight* v. *Roberts*, 126 Ind. 383; *Gilbert* v. *Mc-Corkle*, 110 Ind. 215; *Woolers* v. *Osborn*, 77 Ind. 513. There is no finding that said sale was made for such purpose, or that it was fraudulent and void for any reason. Fraud is not presumed, but must be proved, and, where it is essential to a recovery or defense, it must, where there is a special finding or special verdict, be found as a fact. *Morgan* v. *Worden*, 145 Ind. 600, 603, and cases cited; *Parks* v. *Satterthwaite*, 132 Ind. 411; *Fulp* v. *Beaver*, 136 Ind. 319. The finding that the mules were sold to appellee for $200 less than their value, at a time when Klotz was insolvent, is not equivalent to a finding that said sale was fraudulent and void. This was only a fact which the trial court had the right to consider with all the other facts in evidence in determining the ultimate fact whether or not said sale was fraudulent. Appellee's title did not depend upon the bill of sale executed August 4, 1897, to indemnify him from loss as security for Klotz, but upon the sale and delivery of said property to him in December, 1897; it is not material, therefore, whether or not the same was acknowledged and recorded, as required by §6638 Burns 1894, §4913 Horner 1897. The law did not require that the written agreement evidencing the sale of the mules, executed December 3, 1897, be either acknowledged or recorded; said agreement was not, therefore, rendered fraudulent or void for that reason. It is expressly found by the court that appellee purchased the personal property in controversy of Klotz, and

was the owner thereof before the execution was issued on said judgment; the execution was not, therefore, a lien on said property, and the levy of the execution thereon was wholly unauthorized.

It is insisted by appellants that appellee was not entitled to an injunction, for the reason that he had a complete and adequate remedy at law, under §§1286, 1287 Burns 1894, §§1266, 1267 Horner 1897, by an action in replevin. It is provided by §1286 (1266), *supra*, that when any personal property taken on execution is claimed by any person other than the defendant, the owner may bring an action for the possession thereof. It was said by this court, however, in the *Standard Oil Co.* v. *Bretz*, 98 Ind. 231 on p. 232, "The action for replevin cannot be maintained unless the evidence shows that the defendant at the time of the commencement of the suit was in the actual or constructive possession of the property. *Krug* v. *Herod*, 69 Ind. 78; *Louthain* v. *Fitzer*, 78 Ind. 449." In Wells on Replevin §142, it is said: "Where the defendant was an officer who had levied on property, but did not remove it, the defendant in the execution who still retained the goods, will not be permitted to sustain replevin against the officer, as the possession was still in himself [*Hickey* v. *Hinsdale*, 12 Mich. 100.]; but when an officer levies on goods, and takes an inventory, and directs a receiptor to prevent their removal, he has a sufficient possession to enable the owner to sustain replevin. [*Fonda* v. *VanHorn*, 15 Wend. 632.] And such a taking is sufficient ground on which to base an action against the officer." This statement of the law is cited and approved in *Louthain* v. *Fitzer*, *supra*, and in the *Standard Oil Co.* v. *Bretz*, *supra*. See also *Bacon* v. *Davis*, 30 Mich. 157.

It will be observed that while the court found that the sheriff took possession of the mules when he made the levy, it is also shown by the finding that he did not remove them from the premises of appellee, where they were when the levy was made, but that they remained in the possession of appellee in his stable and on his premises from the time the

levy was made until the commencement of this action, and that no bond, undertaking, or receipt was demanded or received from appellee, or any other person, for the safe-keeping and return of said mules when called for by the sheriff. Under such circumstances, appellee, and not the sheriff, had possession of said mules when this action was commenced (*Standard Oil Co.* v. *Bretz, supra*); and, under the authorities cited, appellee could not maintain replevin. If appellee had given a receipt, bond, or other undertaking, to the sheriff, or, it may be, if appellee had orally agreed that he would keep the mules for the sheriff, as his agent, and return them to him on demand, the constructive possession would have been in the sheriff. *Hadley* v. *Hadley,* 82 Ind. 95, 99.

As, under the facts found, appellee could not have maintained replevin, it is not necessary to determine whether or not the remedy of replevin under our statutes is as plain, adequate, practical, and efficient, to the ends of justice and its prompt administration, as the remedy by injunction.

Judgment affirmed.